Allison *v.* Casey.

THOMAS ALLISON *v.* R. W. CASEY, *et al.*

FORCIBLE ENTRY AND DETAINER. *When evidence of title admissible.* As a general proposition, the right of possession alone is involved in the action of forcible entry or unlawful detainer, but the title may sometimes be shown as evidence bearing on the right of possession. Thus, where a defendant insisted that the tenant from whom he obtained possession of the premises, entered thereon as the tenant of, and by contract with B, and not as the tenant of the plaintiff, and afterward attorned to the plaintiff without the consent of B, it is held that the defendant is not estopped from showing that such attornment was procured by fraud or was the result of mistake, and that the title was in B, and that the deeds were admissible as the best evidence of this fact.

Cases cited: Doak *v.* Donelson, 2 Yerg., 253; Washington *v.* Conrad, 2 Hum., 562; Shultz *v.* Elliot, 11 Hum., 187; Phillips *v.* Sampson, 2 Head, 433.

Authority cited: Tyler's Land. and Ten., ?705.

FROM COFFEE.

Appeal from the Circuit Court. W. P. HICKERSON, Judge.

THOMA & SOBELL for complainant.

B. M. TILLMAN for defendant.

BY THE COURT.

This is an action of forcible entry and detainer, tried in the Circuit Court of Coffee County. There was a judgment in favor of Casey, the plaintiff below,

from which Allison has appealed. It is not controverted, that one James Brown was in possession of the premises in 1866, and that he then transferred and surrendered his possession to Allison; but the question of controversy in the Court below, was, whether at the time of the transfer of possession by Brown, he was the tenant of Casey or of Blanton, under whom Allison claimed the land. It is clear, that, if Brown was Casey's tenant, Allison could not, by conspiring or colluding with Brown, obtain possession, and then defend that possession by showing title, either in Blanton or himself; Doak v. Donelson, 2 Yerg., 253; Tyler's Land. and Ten., §705. The Circuit Judge so charged the jury, but he also charged, that, if Brown went into the possession under other parties than the plaintiff, Casey, and did not, at the time he entered, or at at any other time anterior to the bringing of this action, acknowledge and recognize the plaintiff as his landlord, and that defendant, Allison, did not accept the possession of the premises from Brown, as tenant of plaintiff, Casey, then they were instructed to find for defendant, Allison. This portion of the charge was defective, in not stating that, if Brown was holding as tenant of Blanton, and while so holding he agreed, without Blanton's consent, to hold as Casey's tenant, then Casey could not recover against Allison or Blanton. The evidence for Allison tended to show that Brown was first the tenant of Blanton, and while such tenant, Casey conspired with him, and procured him to hold as Casey's tenant. If the jury had be-

lieved this to be the state of the facts, they would have found for Allison, if the Court had instructed them that Casey could not recover upon a possession so procured by collusion with Blanton's tenant.

The failure to give this instruction, which was directly called for, in view of the evidence, was probably prejudicial to the defendant, but not reversible error, as no further instructions on the question were asked for by defendant. In view of the peculiar character of the issue of fact between the parties, we think the Court erred in rejecting the deeds offered in evidence by Allison, as well as the conduct of Brown, tending to show he was holding under Blanton. It is true, as a general proposition, that the right of possession only is involved in the action of forcible entry, or unlawful detainer, but it does not follow that title may not be legitimately used as evidence bearing upon the question as to the right of possession. In this case, Allison insisted that Brown was first the tenant of Blanton. It was proper to support this position by showing that Blanton had the title to the land, and, therefore, the right to control and rent it out.

It was also shown that Casey was never in possession, and that Brown did not take possession by contract with him as his landlord, but while in possession, he agreed to acknowledge Casey as his landlord.

It was held in *Washington* v. *Conrad,* 2 Hum., 562, and approved in *Shultz* v. *Elliott,* 11 Hum., 187, that where one does not obtain possession of the premises of another, but being in possession acknowledges

his title, or attorns to him, he is not estopped from showing that he was mistaken in supposing the title to have been in such person.

And in *Phillips* v. *Sampson*, 2 Head, 433, it is said that, where the claimant, by fraud, induced another to take a lease, or to enter under him upon a false representation as to his title,' and consequently, the contract is vitiated by fraud, the title may be looked to. It follows, that, if Casey procured Brown to attorn to him, or to acknowledge his title by fraud or collusion, Allison, who obtained possession from Brown, would not be estopped from showing that Brown's attornment to Casey was fraudulent, and that the title at the time was in Blanton.

We are, therefore, of opinion, that the Court below erred in the charge, and in excluding the deeds offered in evidence by Allison. The judgment is reversed and the cause remanded for another trial.