## JORDAN v. WALKER.

1. **Pleading**: FORCIBLE ENTRY AND DETAINER. A petition in an action of forcible entry and detainer considered, and held not to be objectionable as showing that the title to real estate was involved in the action.

2. ——: ——. Where the petition in an action of forcible entry and detainer averred that the title to the property was in plaintiff, and that the defendant was a tenant at will holding over after notice to surrender possession, and the answer set up a verbal contract with plaintiff, in pursuance of which the legal title to the property was conveyed to him by the defendant, as security for the payment of money only, and averred that defendant was entitled to retain possession under said contract, it was held that such answer presented a good defense, and that a demurrer thereto was erroneously sustained.

*Appeal from Wapello Circuit Court.*

FRIDAY, DECEMBER 12.

THIS is a proceeding by a writ of error to a justice of the peace, sued out by defendant. Upon the return of the writ the judgment of the justice, which was for plaintiff, was affirmed. Defendant appeals to this court. The facts of the case appear in the opinion.

*W. H. C. Jaques* and *Stiles & Burton*, for appellant.

*W. W. Cory*, for appellee.

BECK, CH. J.—I. Plaintiff brought an action of forcible entry and detainer against defendant before a justice of the peace. As the questions we are called upon to decide arise on the pleadings, it is necessary to set them out fully. The petition is as follows:

"The plaintiff represents that he is the absolute owner of lots Nos. 4 and 12, of out lot 33, Ottumwa, with the improvement thereon. That he holds a deed therefor from Margaret Ogg, on a foreclosure of said lots at sheriff sale, also a deed for said lots from J. S. Walker and wife.

"Plaintiff also says defendant has been a tenant at will of

said lots, but the plaintiff terminated said tenancy by giving him thirty days notice, as shown by copy hereto attached, marked "A." Also, plaintiff says he has given defendant three days' notice to quit since the termination of said tenancy as provided by law, as will appear by exhibit "B," made a part hereof.

"Plaintiff says said defendant still continues to occupy said lots, and plaintiff says he is entitled to the possession of said lots. Wherefore he prays that judgment be entered to remove defendant from said premises, and that plaintiff be placed in possession of the same and for cost."

To this petition the defendant filed the following answer:

"For answer to the plaintiff's petition the defendant says that he denies that the defendant is the owner of said premises, by title in fee simple, or in any other way is the owner thereof, or entitled to the present possession. Denies that he has ever been or is now the tenant of the plaintiff in said property. Denies that he obtained possession thereof from or through the plaintiff. Admits that the plaintiff has the deeds named by him for said premises, but says, while they appear on their face to be absolute deeds, yet they are really and in fact only held by Jordan as security for the repayment by defendant of $1,465.00 advanced by plaintiff for defendant, and that they are only equitable mortgages in fact, and have not been foreclosed. That said deeds grew out of the following transactions, to-wit:

"On the 26th day of March, 1873, defendant was the owner of said lots, and on said day mortgaged the same to Seth Ogg for $1,000.00; that on the 16th day of September, 1874, judgment foreclosing said mortgage was entered in the District Court; that on the 29th of January, 1876, said property was sold by the sheriff under special execution, and Seth Ogg became the owner thereof, subject to the defendant's right of redemption for one year; that for a valuable consideration Ogg agreed verbally to extend the time of redemption to the 1st day of September, 1877. That on the 2d day of February, 1877, said Ogg procured a sheriff's deed to his daughter Margaret.

"That afterward, on the 27th day of August, 1877, the defendant made a verbal agreement with the plaintiff that plaintiff should furnish the money necessary to redeem said property, except $93.20, which was advanced by defendant. It was then agreed that Jordan should advance the balance, $1,373.20, necessary to redeem said property, and for the purpose of securing the plaintiff, said Margaret Ogg was to make a deed to him for said property, and so was defendant and his wife, both of which was done. Then it was agreed that Jordan was to execute to Walker a bond for a deed to said real estate, and to execute to him a deed therefor in thirteen months from that time, upon the repayment to Jordan of the entire sum he and defendant had paid Ogg to redeem said property, together with ten per cent interest, payable every three months.

"That all of said contracts were then executed, except the giving of said bond, which was, at the request of plaintiff's attorneys, delayed until his return from New York. That defendant paid the plaintiff $50.00 as interest on said contract, afterward, so that this defendant says that he holds said property by title superior to the title of Jordan acquired as hereinbefore stated.

"Defendant says that he has held peaceable and uninterrupted possession of said premises, with the knowledge of plaintiff, for more than thirty days after plaintiff rights had attached if he ever had any. Defendant denies that he has received the thirty days' notice, as pleaded, but only copies of such notice. Defendant asks judgment for costs."

An amendment to the answer is as follows:

"1st. That while it is true that he and his wife executed to plaintiff a deed to said premises on or about 27th of August, 1877, yet that the only consideration thereof was the agreement that plaintiff should execute the bond for a deed as set out in his original answer, that the nominal consideration named in said deed, which was a quitclaim deed, was $1,465.00, but in truth and in fact not a dollar was paid him by the plaintiff, and of the $1,465.00 the sum of $92.20 was paid by the defendant; that defendant was then, and ever since has been,

in possession of said premises, and now, after the lapse of thirteen months, for the first time, the plaintiff claims the possession of the property.

"2d. That the fifty dollars referred to by him is a part of the consideration he was to pay the plaintiff, for said bond for a deed for said lots, and was paid by him to plaintiff, and by plaintiff accepted, long after the making of said contract; that defendant has always been willing to perform his part of said contract.

"3d. That the title the defendant acquired to said property under said agreement, and under his possession of said premises, has been acquiesced in by the plaintiff until now, and never at any time disputed by him until the end of the thirteen months aforesaid, nor has he claimed any rent, nor has defendant paid rent for said premises. Defendant asks judgment for costs."

Defendant moved to dismiss the action, for the reason that the petition shows that the title to real estate is involved in this case. The motion was stricken from the files. The plaintiff demurred to the answer of defendant. The following are the grounds of the demurrer:

"1. Defendant admits that plaintiff has an absolute deed from defendant and wife for the property in question, and yet seeks to set up title in himself by verbal agreement, which he cannot do in this action.

"2. Defendant admits the sheriff's deed, and that plaintiff is owner through the same, and yet he seeks to set up title through a verbal agreement that he was to have time and opportunity to redeem from said deed, and defendant cannot set up this verbal agreement as it relates to real estate, and is contrary to the statute of frauds; contradicts the writing; nor can defendant set up title in this action.

"3. This is an action of possession which follows the legal title.

"4. Defendant admits receiving notice to quit, as set out in plaintiff's petition and as provided by law.

"5. Defendant's answer sets up no legal defense to plaintiff's claim.

" 6.   Defendant cannot set up title in this cause that is equitable title.

" 7.   Defendant admits plaintiff's legal title, and possession follows the legal title."

This demurrer was sustained.   The errors complained of in the petition for the writ are, the action of the court: 1.   In overruling the motion to dismiss the action; 2.   In sustaining the demurrer to defendant's answer.   The Circuit Court affirmed both of these rulings of the justice.   We are required to determine these questions presented to and decided by the court below.

II.   The motion of defendant to dismiss the action is based upon the ground that the petition shows that title to real estate is involved in the case.   We think the motion was correctly overruled.   The petition does not seek to recover on the ground that plaintiff holds the title, but for the reason that the defendant continues in possession after a sale upon the foreclosure of a mortgage, and he holds over after the termination of a tenancy at will.   We think it cannot be fairly claimed that the petition shows that the title to real estate is involved in the action.

1. PLEADING: forcible entry and detainer.

III.   The demurrer, we think, was erroneously sustained by the justice, and the Circuit Court erred in not reversing that ruling.   The petition claims to recover upon the ground that defendant is a tenant at will, and holds over after his tenancy is terminated.   The answer shows, by pleading the facts upon which defendant bases his right to the possession of the land, that defendant is not a tenant but holds the land under a claim based upon a contract under which he has the right of possession as a purchaser of the title acquired by plaintiff.   If there is a valid contract under which defendant entered upon or retained possession of the lots as a purchaser, or if the title of plaintiff was acquired to secure the payment of money advanced by him, the defendant is entitled to the possession of the property, not as tenant, but by virtue of his right as a purchaser or mortgagor.   It matters not if the contract be in parol, the defendant's rights are secured thereby.   The law will not deprive him of the possession of

2. —: —.

the lot secured by his contract. Surely, then, the facts stated in the answer show that defendant is not a tenant holding over, and they constitute a sufficient defense to the action. *Oleson v. Hendrickson*, 12 Iowa, 222, supports this view of the case, which we think is in accord with sound legal principle.

The answer does not set up title in defendant, it simply pleads the facts upon which his right to the possession of the lot is based. It is urged that the answer in its very language pleads title. The expression referred to is this: "So that defendant says that he holds said property by title superior to the title of Jordan, acquired as hereinbefore stated." Pleadings are to be interpreted by their allegations of facts and not by the phrases used or the manner of expression of the pleader. If the answer does not, in its statements of facts, plead title, we will not hold that it does because the pleader uses an expression that may be understood as an averment to that effect. The facts averred in the answer show that the legal title is in plaintiff, but that defendant has the right of possession under a contract which binds plaintiff to convey the land. This is not to be regarded as a plea of title because the pleader used the inacurate expression above quoted, wherein he avers that defendant holds title paramount to the title of plaintiff.

Code, section 3611, p. 3, provides that this action may be brought: "Where the defendant continues in possession after a sale by foreclosure of a mortgage, or on execution, unless he claims by a title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale, in either of which, such title shall be clearly and concisely set forth in the defendant's pleading."

The action is not brought under this provision but under the second paragraph of the same section, the petition alleging that defendant was a tenant at will and that he holds over after his tenancy is terminated. But the answer does not plead title as contemplated in the paragraph quoted. Defendant does not claim by title paramount to the lien upon which plaintiff's title is based, or by title derived from the purchaser at the sale. He claims the right of possession under a contract with plaintiff. It is true that under the contract he

holds an equity which may be enforced, and thereby he may acquire the title. But his defense pleaded is his right to possession of the land. But the right is not based upon the title.

It is said that under the general denial of plaintiff's petition the defendant could have proved the matters alleged in his answer, and he was, therefore, not prejudiced by the ruling upon the demurrer. We think differently. The justice of the peace by the ruling upon the demurrer announced the principles of law governing the case and determining the rights of the parties. We cannot presume that he would in the subsequent progress of the trial hold differently. We must conclude that the case was tried by him, and his judgment announced, in harmony with the law as settled by the demurrer.

We are of the opinion that the Circuit Court erred in its judgment; it is, therefore,

REVERSED.

SEEVERS, J.—I concur in the result reached in the foregoing opinion, but not in the grounds upon which it is based. In my judgment section 3611 of the Code expressly authorizes the defendant in actions of this character, where he continues in possession after a sale under a foreclosure of a mortgage, to plead a title paramount to the mortgage, or a title derived from the purchaser at the sale. The latter I understand to have been pleaded in the answer, and that a demurrer thereto was sustained by the justice. It is true an equitable title only was pleaded, but such I think is within the meaning and intent of the statute, for the reason that a person may be entitled to the possession just as clearly under an equitable as a legal title.

The petition in my judgment seeks to recover on two grounds: 1. Because of the foreclosure of the mortgage, sale and purchase of the premises by the plaintiff, and 2. Because the defendant was a tenant at will, and which tenancy had been terminated. The defense pleaded was a complete defense to the first ground on which a recovery was asked. The demurrer was, therefore, improperly sustained.

While the statute authorizes the defendant to plead title as

above stated, it also declares such title cannot be investigated. Code, section 3620.

Construing these seemingly contradictory sections, I incline to think because title has been pleaded it does not necessarily follow that the action must be dismissed. If it had been so intended, I think it would have been so declared, but I think the defendant may introduce evidence of title and that thereunder he is entitled to the possession. The justice cannot try and determine the question of title. But only the question of possession. It is certainly true a party may own a legal or equitable title, and still not be entitled to the possession.