HIRAM W. SMITH, PLAINTIFF IN ERROR, v. WILLIAM H. KAISER, DEFENDANT IN ERROR.

1. **Bill of Exceptions**: MOTION TO QUASH. A party who moves to quash a bill of exceptions must specifically point out in his motion the objections complained of.

2. ———: SIGNING: TIME OF TAKING. Where the transcript shows that a bill of exceptions was taken during the trial of an action of forcible entry and detainer, it will be presumed to have been prepared at that time, although not signed till a few days afterwards.

3. ———: OBJECTIONS WAIVED. Where a bill of exceptions was submitted to the adverse party for correction, and amendments made to the same and then duly signed, *Held*, A waiver of all objections as to matters of form.

4. **Forcible Entry and Detention**: DENIAL OF TITLE: JURISDICTION. In an action of forcible entry and detainer a denial by the defendant of the plaintiff's title does not necessarily raise the question of title so as to oust a justice of the peace or county judge of jurisdiction, and the court may proceed with the trial until it is clear that the question of title is involved.

5. ———: EVIDENCE. A party may introduce a deed or deeds in evidence, when necessary to show his right to the possession of the premises.

6. ———: RIGHTS OF ASSIGNEE OF LESSOR. The assignee of the lessor may maintain the action against a tenant holding over after his term.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*J. E. Bush* and *J. N. Richards,* for plaintiff in error, cited: *Leach v. Sutphen,* 11 Neb., 527. *Main v. Cooper,* 25 N. Y., 186. *Winterfield v. Stauss,* 24 Wis., 394. *Bridewell v. Bancroft,* 4 W. L. M., 617. *Mecham v. McKay,* 37 Cal., 154. *Mitchell v. Davis,* 20 Cal., 47. Taylor's Landlord and Tenant, 790. *Gray v. Gray,* 3 Litt., 465. *Caswell v. Ward,* 2 Doug., 374.

*Babcock & Davidson*, for defendant in error, cited: Nebraska cases referred to in opinion. Taylor's Landlord and Tenant, 437, 439. *Perrin v. Lepper*, 34 Mich., 292. *Williams v. Sprigg*, 6 Ohio State, 585. *Carr v. Williams*, 10 Ohio, 310.

MAXWELL, J.

This is an action of forcible entry and detainer brought by the defendant against the plaintiff in the county court of Gage county. The action was commenced on the 6th day of March, 1882, and a trial had on the 22d of that month, a jury being waived. The case was taken under advisement by the court, and the judgment was rendered on the third day after the trial in favor of the plaintiff below (defendant in error). In the transcript we find the following: "William H. Kaiser, sworn in his own behalf. Various and numerous objections and exceptions were made during the trial of this cause, all of which duly appear in defendant's bill of exceptions allowed by the court." On the 31st of March, 1882, the attorneys for the plaintiff in error submitted the bill of exceptions to the attorneys for the defendant for correction. On the following day the defendant's attorneys returned the bill to the attorneys for the plaintiff with a large number of corrections, and the bill was signed by the judge on the third day of April 1882. The plaintiff then took the case on error to the district court, where, on motion of the defendant, the bill of exceptions was stricken from the files, the grounds of the motion being:

*First*, Because the same was not allowed and signed according to law.

*Second*, Because the county judge had no jurisdiction to sign and allow said bill of exceptions.

*Third*, Because said bill of exceptions is without any legal effect and validity.

The bill is in proper form, is duly signed by a judge who had authority to allow and sign a bill of exceptions in a case tried before him, and it is valid unless quashed for sufficient cause. And the specific cause or causes for quashing the same must be assigned in the motion. If not so assigned, the motion will be overruled, although causes not set forth in the motion may exist which would be fatal to the bill. Technical objections are not favored, and he who relies upon them must specifically point them out. This was not done in this case; the real objection apparently being that the bill was signed nine days after the judgment was rendered. But as no objection upon this ground was made, the court erred in sustaining the motion. But even if the cause stated had been assigned, still the motion should have been overruled. The bill, so far as appears, was duly prepared at the time of the trial. It was afterwards submitted to the defendant's attorneys for correction, and by them corrected and returned without objection—in other words, they assisted in perfecting the bill of exceptions, and thereby waived objections that it was not presented in time.

*Second.* Objection is made that the county court had no jurisdiction because the title to real estate was drawn in question. It appears from the record that the plaintiff in error was in possession of the premises as a tenant; that he entered into possession under a lease for one year from March 1st, 1881; that in September or October, 1881, he again leased the premises for a second year, commencing March 1st, 1882, and terminating March 1st, 1883, and that under this lease he plowed a portion of the land before the defendant purchased the same. That in October, 1882, the defendant purchased the land in controversy with full knowledge of the plaintiff's lease, and afterwards, on the 28th day of December, 1882, received a deed of conveyance for the premises. The plaintiff does not claim to have any interest in the land itself, but merely the right

of possession during the existence of the lease. There are no conflicting titles to the property, but a mere denial of the defendant's title. In such case a party may introduce a deed or deeds in evidence—not for the purpose of proving title, but to establish a right to the possession. *Pettit v. Black*, 13 Neb., 142. And the court may proceed with the trial until it is clear that title is drawn in question. Id. When this appears the action should be dismissed. Id. *Leach v. Sutphen*, 11 Neb., 528. *Streeter v. Rolph*, 13 Id., 390. The rule in this state, at least, has been and is to admit evidence of title when necessary to establish the right to the possession of the premises.

*Third.* It is claimed by the attorneys for the plaintiff in error that the action will not lie in this case, there being no privity of contract between the plaintiff and defendant. But this objection is untenable. A party entitled to the possession as lessor or his assignee, after the termination of the tenancy of one who entered as tenant, may maintain an action to recover possession of the premises. In such case, as the tenant holds solely under his lease, upon its termination his right to the possession as against the landlord or his assignee ceases. The action, therefore, in a proper case, may be maintained by the assignee of the lessor.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.