## ELMER JONES v. JAMES M. SEAWELL.

(Filed March 4, 1904.)

1. **FORCIBLE ENTRY AND DETAINER—Title not Litigated.** Questions of title to land cannot be brought into and litigated in an action of forcible entry and detainer.

2. **ACTION WILL NOT LIE, WHEN.** An action of forcible entry and detainer will not lie where questions of title only are involved.

3. **SAME.** If, in order to determine the right of possession, the court must determine which party has the paramount legal or equitable title, then the rights of the parties cannot be determined in an action of forcible entry and detainer.

4. **SAME.** Where J and S each make application to the school land board to lease the same quarter section of school land, J's bid being the higher of the two but is by the board rejected and the bid of S accepted, and notice is sent by the board to S that his bid is accepted and that he is entitled to go upon the land and improve the same, and S, upon receiving such notice from the board, moves upon the land and constructs tents, sheds, wells, and corrals thereon for his stock, and thereafter it is determined by the secretary of the board that the acceptance of the bid of S and the rejection of the bid of J was an error and S is notified of the fact by the secretary of the board, and a lease is executed to J, and the school land board does not return the deposit of $307.00 required from S, and without further attempt to cancel the contract of the school land board with S, and without any adjudication or judicial determination of the interests of the parties, J proceeds to give notice to S to quit the premises, and brings an action in forcible entry and detainer to dispossess him therefrom, Held, that in such case, an action of forcible entry and detainer will not lie.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before F. E. Gillette, Trial Judge.*

*J. C. Robberts, Attorney General,* for plaintiff in error.

*Shepherd & McGuire,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action of forcible entry and detainer, brought by the plaintiff in error against the defendant in error in the justice's court, to recover possession of the northeast quarter of section sixteen, in township six, north, of range eighteen, west of the Indian meridian, in Kiowa county, Oklahoma.

The case was tried before a justice of the peace, and resulted in a judgment for the defendant, from which judgment the plaintiff appealed to the district court of Kiowa county. There the action was tried upon an agreed statement of facts, which, briefly stated, are as follows:

Both parties made application to the school land board to lease the land, Jones bidding $362.50, at the same time depositing $212.50, with the secretary of the board. Seawell bid $307.00, and deposited with the secretary of the board $157.00. Both applications were in due form and within time. On the 13th day of December, 1901, Jones received notice from the school land board that his bid had been rejected and his money was returned. On the same day, Seawell received notice from the same source that he had been awarded the land for the term of three years from the first day of January, 1902, and that he was authorized to enter upon the land immediately and to use and occupy the same. In pursuance of this notice, he did enter upon the land and proceeded to occupy it. At the time of his entry, the land was unimproved and unoccupied. From the time that Seawell commenced to occupy the land, he commenced to improve it, and, at the time possession was demanded by Jones, he was occupying the land with his stock, two tents, sev-

éral cow sheds, one well completed and another partially completed, and corrals for his stock. After the plaintiff had received the notice that his bid had been rejected, in a conversation with the defendant, he learned that his bid was greater than that of the defendant, and he thereupon started an investigation to see why his bid had been rejected and a lower bid accepted. He learned from a statement of the secretary of the school land board that the rejection of his bid was an error, and the secretary thereupon proceeded to notify the defendant in error that the acceptance of his bid was an error, and, so far as he could do by his act, cancelled the contract. He executed a lease of the land to the plaintiff in error. Upon receiving notice that he was awarded the lease, plaintiff went to the land and demanded possession from the defendant, which was refused. Being refused, plaintiff caused written notice to quit to be given defendant, conformable to the statute in such cases, and thereafter, at the proper time, commenced this action of forcible entry and detainer, the allegations of the complaint being that the defendant unlawfully entered into the possession and unlawfully by force holds the same.

The facts, the substance of which are herein detailed, were agreed upon and submitted to the trial court, upon the consideration of which, the court found that the justice of the peace had no jurisdiction to hear and determine this cause, and the jurisdiction of the district court being appellate only, that it had no jurisdiction, and dismissed the case for want of jurisdiction.

The value of the improvements made by the defendant in error are not disclosed in the record. That fact, how-

ever, need not necessarily be shown in order to determine the case here.

The question is presented, Will an action of forcible entry and detainer or forcible detainer lie upon a statement of facts such as is shown in this case? It must be conceded that there was no forcible entry. The case is one of forcible detainer only. However, this does not change the rule or the law governing the case, as the two are governed by the same rules of law and practice.

It is argued by the plaintiff in error that questions of title to land cannot be brought into an action of forcible entry and detainer. This court has repeatedly so held; yet, while this is true, as a proposition of law, it is equally as well settled that the action of forcible detainer will not lie when only questions of title are involved, nor can a court refuse to notice the condition of title in proper cases, where the title is the basis upon which the right of possession is founded. If, in order to determine the right of possession, the court must determine which party has the paramount legal or equitable title, then the rights of the parties cannot be determined in an action of forcible entry and detainer. In other words, in such cases, an action of forcible entry and detainer will not lie; and it follows that the justice's court has no jurisdiction to hear and determine that kind of an action, although the pleadings are in the form of an action of forcible entry and detainer.

In an action for forcible entry and detainer or for the unlawful detention of real property, only the question of possession can be determined. The right of possession must be determined separate and apart from the question of who has the paramount title.

It is true that in some cases in order to prove one's right of possession to real property, he must show that he has the title thereto, and in order to do so, evidence of title may be introduced; but that is not in cases where there is a conflict of title, or where it is necessary to determine between the parties who has the better legal or equitable title. Such evidence of title is used only for the purpose of showing the right of possession as against the opposite party. Here the two parties were claiming their interests in the property from the same source. The defendant in error had a contract with the school land board. He had made application to lease the land. In that application, he had made a bid, offering a sum of money. The application was in writing. His bid was accepted, and he was awarded the land by the board. He was notified in writing of that fact, and given the right to go upon the land and improve the same. His application was for a lease for three years. His money was received and retained, and up until the day of the trial of this case in the district court, it had never been refunded to him. Upon the strength of that notice he had gone upon the land and made considerable improvements. He had evidently expended a considerable sum of money, and without warning, without a hearing, without any action of the board as a board, the secretary thereof took it upon himself to annul the contract, execute a lease to the plaintiff in error, and still retain the money of the defendant in error. If he could do that, in this way, without the defendant having any right to be heard or any day in court, and without any judicial determination of his rights in the premises, then the plaintiff in error can maintain this suit, then the district court as well as the justice's court had jurisdiction to hear and de-

termine this action. If the secretary of the board could not do that, if he could not set aside and trample under his feet the rights of the defendant in this way, if the defendant had a right to be heard in the matter, if he had a right to a judicial determination of his contentions, then the plaintiff in error cannot maintain this action, and the district court as well as the justice's court had no jurisdiction to hear and determine it.

In this case, the defendant in error was not a tenant of the plaintiff in error, holding over his term. He was not a purchaser at an executor's, administrator's or guardian's sale, or on partition, nor was he a settler or occupier of lands and tenements without color of title to which the plaintiff had the right of possession. It is true that the defendant's title was not that of a lease executed by the school land board, but it was that of a preliminary contract, antedating that of the plaintiff, the conditions of which had been performed by the defendant, so far as he was required to perform them, and he had the ability and was willing to perform the remainder, that is to say, to execute the notes which were required of him, if they had not already been executed, and to pay them when they matured. The notice was a preliminary contract on the part of the school land board, which preceded and which was executed to remain in force and effect until, in the usual course of business of that office, the lease should be executed. This we think was sufficient to be denominated color of title within the meaning of the forcible entry and detainer act.

But the plaintiff in error says there was no attempt in this case to raise issue of title. If that be true, for what

purpose did the plaintiff in error introduce his lease and the facts surrounding the making of his lease by the school land board? For what purpose did he show that he had performed all of the conditions necessary to the making of the lease? For what purpose did he show that the school land board had made an error in not accepting his bid which was greater than that of the defendant? For what purpose did he introduce evidence to show that the school land board had attempted to rescind the contract. What was the purpose of all this, if it was not to show his title, that is, to show the source from which his right of possession, as he claimed it, sprung?

Beyond question, the only right of possession of the plaintiff in error was founded upon his lease from the school land board. Independent of that lease, he had no right of possession whatever, and could not take the first step toward making out a case for possession. How can a court determine this case as between the parties if it undertakes to determine it without determining who has the greater right, legal or equitable, under their respective contracts?

It is immaterial here whether the plaintiff in error ever had actual possession of the property or not. The fact that he did not have does not affect his rights here. If he was entitled to the same, he could maintain an action for the possession to the same extent that he could do if he had previously had possession, so that it is unnecessary to discuss that feature of the case which is argued in the brief of plaintiff in error.

But, it is argued, that because this court has held that one cannot draw the question of title into an action of forci-

ble entry and detainer, that therefore, no matter what the defendant's title may be, no matter what his rights 'may be thereunder, yet they must be brushed aside and not be considered simply because this is an action of forcible entry and detainer, and yet at the same time, the plaintiff must be heard, whose evidence shows that his title is derived from the same source as that of the defendant in error but of a date subsequent thereto, and of a date of which the defendant in error had at least a contract for a lease which gave him the right to the possession, and probably at a time, although not disclosed by the record, when he was in the actual possession of the property and had made more or less valuable improvements thereon.

There are provisions for the trial of real estate actions, some one of which will cover this case, and in which the court would have the jurisdiction and right to hear and determine all the questions of difference between these parties.

Why should not plaintiff in error proceed with such an action, instead of resorting to an action in which the rights of the parties cannot be determined.

Again, it is said that the court has not attempted to pass upon any questions of fact but simply to determine the case upon the theory that the court had no jurisdiction. This is true, and we think the court was right, but even if the case had passed beyond the question of jurisdiction, by the introduction of evidence or the agreed statement of facts which was taken as the evidence, and the case was one in which the rights of the parties could be determined, upon the showing made, we think the judgment should still have been for the defendant in error, for the reason that until he had a day

in court and his contract between the school land board and himself had been properly and legally terminated, he had the paramount right to the possession of the premises as between the plaintiff in error and himself.

The case of *Smith et al. v. Kirchner,* 7 Okla., 166, sustains the view we have laid down in this case; and, while the case is not in all respects parallel, the principles therein contained are mostly the same as those in this case, and the citations given there are applicable to the principles laid down here.

Having carefully examined all questions raised by the record in this case and perceiving no error therein, the judgment of the district court is affirmed.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.