MINERS' & MERCHANTS' BANK v. BRICE.

(First Division.   Ketchikan.   November, 1915.)

No. 229–KA.

FORCIBLE ENTRY AND DETAINER ☞6(2), 9(1)—JUSTICES OF THE PEACE ☞36(7)—EQUITY—MORTGAGES.

    Plaintiff brought forcible entry and detainer against the defendant, who answered, denying that plaintiff ever had been in possession of the premises; that, owning and in possession thereof at all times, he had given a deed thereto to the plaintiff as security for a debt.   The lower court rendered judgment against the defendant, who appealed.   On motion to dismiss the suit, made by the defendant, *held*, as plaintiff has never been in possession of this property, has never been evicted therefrom, and as defendant claims the equitable title, and has introduced evidence sufficient at least to show the court that it is not a purely sham defense, the court is bound to conclude the title to the property is in dispute, that the justice court had no jurisdiction, and that this court can do no more than to do what the justice of the peace ought to have done, to wit, dismiss the action, when it appeared that the title was involved.

Plaintiff has brought forcible entry and detainer against defendant, alleging "that for the past year or more plaintiff has rented certain premises to defendant under a tenure of month to month, for the monthly rental of $20, payable in advance on the 6th day of each and every month"; that default has been made in the payment of rent; that notice to quit was duly served; that defendant unlawfully holds over after the default in the payment of rent; that plaintiff is entitled to the possession of the property.

The answer, in substance, denies the foregoing allegations, claims possession in defendant, sets up an affirmative defense, and prays that a certain deed for the property from defendant to plaintiff be declared to be a mortgage, and that the plaintiff be decreed to hold the legal title as a trustee for the defendant.

In the justice's court judgment went against the defendant, who appealed to this court.

    Chas. E. Ingersoll, of Valdez, for plaintiff.
    S. A. Plumley, of Ketchikan, for defendant.

JENNINGS, District Judge. At the trial it in no wise appeared that plaintiff was, or ever had been, in the actual physical possession of the property described. It was shown that the legal title to the premises was formerly in defendant, and that he had given a deed therefor to the plaintiff. Defendant claims that this deed was in reality only a mortgage for an indebtedness then due from himself to plaintiff, while plaintiff contends that it was an absolute conveyance. It was shown that defendant is, and always has been, in quiet and peaceable possession of the property, occupying it as a residence for himself and family, but that for some years past he has been · paying to plaintiff various monthly sums. Plaintiff claimed and offered evidence to prove that these sums were paid as rent for the premises, but defendant claimed and offered evidence to prove that the sums were paid as interest on the indebtedness and in extinction of the indebtedness.

It is apparent, then, that in order to determine who is in possession of the property it will be necessary to determine whether or not the deed in fact is only a mortgage, and whether or not there is any holding as a tenant by the defendant. The determination of the question as to whether or not the deed was a mortgage can only be had in equity, and this court would have no jurisdiction to determine that question in this action. Says the Oklahoma court, in Jones v. Seawell, 13 Okl. 711, 714, 76 Pac. 154, 156:

"If, in order to determine the right of possession, the court must determine which party has the paramount legal or equitable title, then the rights of the parties cannot be determined in an action of forcible entry and detainer. In other words, in such cases an action of forcible entry and detainer will not lie, and it follows that the justice's court has no jurisdiction to hear and determine that kind of an action, although the pleadings are in the form of an action of forcible entry and detainer. In an action for forcible entry and detainer, or for the unlawful detention of real property, only the question of possession can be determined. The right of possession must be determined separate and apart from the question of who has the paramount title. It is true that in some cases, in order to prove one's right of possession to real property, he must show that he has the title thereto, and, in order to do so, evidence of title may be introduced, but that is not in cases where there is a conflict of title, or where it is necessary to determine between the parties who has the better legal or equitable title. * * * But it is argued that, because this court has held that one cannot draw the question of title into an action of forcible entry and detainer, therefore, no matter what the defendant's title may be, no matter what his rights may be

thereunder, yet they must be brushed aside, and not be considered, simply because this is an action of forcible entry and detainer, and yet at the same time the plaintiff must be heard, whose evidence shows that his title is derived from the same source as that of the defendant in error. * * * There are provisions for the trial of real estate actions, some one of which will cover this case, and in which the court would have the jurisdiction and right to hear and determine all the questions of difference between these parties. Why should not plaintiff in error proceed with such an action, instead of resorting to an action in which the rights of the parties cannot be determined?"

The action of forcible entry and detainer is a special statutory proceeding, in derogation of the common law, and summary in its character. The statute conferring the primary right and prescribing the remedy in such a proceeding is to be strictly construed. No intendments are to be made against the statute. Section 1848 of the Compiled Laws gives the right of action "to the person entitled to the premises." Section 1849 of the Compiled Laws declares that:

"It shall be sufficient to state in the complaint a description of the premises with convenient certainty, that the defendant is in possession thereof, that he * * * unlawfully holds the same with force."

The gist of the cause of action is that the defendant unlawfully withholds the possession by force, and, unless the possession is withheld by force, there is no action, because there is no cause of action. The proper remedy in a case where force is absent is ejectment, or something else than this drastic summary remedy of forcible entry and detainer.

Under the statute, force may be either actual or constructive. Actual force is a term well understood, and so is not defined by statute; but constructive force is defined by statute, and that only is constructive force which the statute declares to be such. A declaration of the constituents of constructive force is found in section 1857, Compiled Laws, to wit:

"When the tenant or person in possession of any premises shall fail or refuse to * * * deliver up the possession of the premises for ten days after demand made in writing for such possession."

In the case of Shortess v. Wirt, 1 Or. 91, the court say:

"No pretense is made that plaintiff or his wards were ever in the possession of said claim, but the right to a recovery is based upon the fact that, when the said Tibbetts died, the title to such claim

descended to, and became vested in, his said children. * * * It is impossible to sustain this action without inquiring into 'the merits of the title,' * * * for plaintiff does not seek to recover on account of a former possession from which he has been evicted, but because the title is in his wards. Not only must defendant be allowed to controvert this title, if the action proceeds, but he must be permitted to establish, if he can, the title under which he holds possession. The whole case, then, becomes a question as to the validity of conflicting titles. The sole object of this action is to determine the right of immediate possession to real estate, without reference to title, and to hold otherwise would be to allow justices of the peace to adjudicate titles to land contrary to the express provisions of law."

As plaintiff has never been in possession of this property, has never been evicted from this property, and as defendant claims the equitable title to the property, and has introduced evidence sufficient at least to show the court that it is not a purely sham defense, the court is bound to conclude that the title to the property is in dispute; that the justice's court had no jurisdiction; that this court can do no more than to do what the justice of the peace ought to have done, to wit, dismiss the action, when it appeared that the title was involved.

The order of the court will be that the action be dismissed, without prejudice, however, to an action of ejectment, or a suit in foreclosure, or a suit by the defendant to clear his title.