(No. 5908.   April 27, 1933.)

O. D. BALL, Respondent, v. C. C. STEVENS, Appellant.

[21 Pac. (2d) 932.]

Henry M. Hall and Chapman & Chapman, for Appellant.

E. D. Reynolds, for Respondent.

MORGAN, J.—This is an action to recover wages for farm labor performed pursuant to an oral contract. Respondent testified it was agreed he was to be paid $2.50 a day and his dinner, and appellant testified it was agreed respondent was to have $1.50 a day and his dinner. There was no controversy about the meals. The case was tried to the court without a jury, and judgment was for respondent for $2.50 a day, from which this appeal has been prosecuted.

The farm, where the labor in question was performed, is about six and one-half miles northeast of Jerome. A. S. Lamonte, a witness produced by appellant, testified he was a farmer and resided about seven miles southwest of Jerome. The following proceedings were had on his direct examination:

"Q. Now, have you ever had occasion to employ farm labor in connection with your farming operations? A. Pretty near always—continuously. . . . .

"Q. Did you or did you not employ considerable farm labor during the year 1931? A. Yes, sir.

"Q. Do you know what the going wage was during the year 1931 for ordinary farm labor?

"Mr. Reynolds: (Counsel for Respondent.) Now, we object—

"The. Court: Yes, the objection is sustained."

The ruling is assigned as error and it is insisted the testimony sought to be adduced was competent and material because it would shed light upon the issue as to the agreed wage; appellant's theory being that the going wage, if established, would tend to show the reasonableness of his contention that the agreement was for $1.50 a day and dinner.

The ruling was correct. The question did not call for an answer as to whether the witness knew what the going wage was for such labor as respondent was employed by appellant to perform, during the part of 1931 when it was performed, nor in the vicinity where it was performed.

Even if the question had been sufficiently specific to fix the time and place when and where the witness knew what customary wages for farm work were, the objection should have been sustained because there is nothing in the record to show appellant was not seeking to lay the foundation to limit the amount of respondent's recovery to such wages, when the issue, framed by the complaint and answer, presented a cause of action on an express contract which fixed the amount and rendered testimony as to customary wages immaterial unless, as now insisted, it was intended thereby to corroborate appellant's testimony as to what the contract was.

No offer of proof was made and there is nothing in the record to show what appellant expected to prove by the answer to the question. This court, following the well-established rule in such cases, has held that if testimony is properly excluded upon any theory the ruling excluding it is not available to appellant, as error, in the absence of an offer of proof which shows it should have been received upon some other theory. (*Herring v. Davis*, 47 Ida. 211, 273 Pac. 757; *Servel v. Corbett*, 49 Ida. 536, 290 Pac. 200; *Fite v. French*, 52 Ida. 286, 15 Pac. (2d) 604.)

In *Herring v. Davis* the court cited *Snead v. Tietjen*, 3 Ariz. 195, 24 Pac. 324. The fourth section of the syllabus in that case is as follows:

"At the time the court excludes testimony offered by a party, which ruling the party desires this court to review, he must state what he proposes to prove by the testimony, and that the witness will testify to such facts; otherwise, it does not appear that the party is injured by such exclusion, and this court will presume, in such event, in favor of, and not against, the ruling of the court below."

See, also, *Georgia Cotton Co. v. Lee,* 196 Ala. 599, 72 So. 158; *Rodgers v. Ricketts,* 204 Ala. 184, 85 So. 486; *Pittsburgh, C. C. & St. L. Ry. Co. v. Kephart,* 61 Ind. App. 621, 112 N. E. 251; *Kline v. Vansickle,* 47 Nev. 139, 217 Pac. 585; *Ashmun v. Nichols,* 92 Or. 223, 178 Pac. 234, 180 Pac. 510; *Staton v. Western Macaroni Mfg. Co.,* 52 Utah, 426, 174 Pac. 821; *Taylor v. Malta Merc. Co.,* 47 Mont. 342, 132 Pac. 549.

We cannot assume that if the question had been properly asked, and if the judge had been sufficiently advised as to appellant's purpose in asking it, and fully informed as to what the testimony would have been in reply to it and that it would have been advantageous to appellant and about a matter relevant and material to the issue, his honor, the trial judge, would have ruled erroneously.

Appellant contends the evidence does not support the findings of fact and is insufficient to sustain the judgment. The testimony is conflicting, but that introduced on behalf of respondent is sufficient to sustain the findings and judgment in his favor.

The judgment is affirmed, with costs to respondent.

Givens and Wernette, JJ., and Sutphen, D. J., concur.

Holden, J., dissents.