202 P.2d 394

### SNYDER v. BLAKE et ux.

### No. 7434.

Supreme Court of Idaho.

Jan. 11, 1949.

Rehearing Denied Feb. 14, 1949.

J. H. Felton and William J. Jones, both of Lewiston, for appellants.

16

Frank F. Kimble, of Orofino, for re-spondent.

GIVENS, Justice.

Respondent's complaint in unlawful de-tainer was filed first in the probate court and alleged her ownership in fee and right of possession in the property involved; occupancy by defendants as tenants; their failure and refusal to pay rent; service of proper notice to pay or vacate the prem-ises, and prayer for appropriate relief.

A demurrer challenging the complaint as not stating a cause of action; that the action was barred by Sections 5-203, 5-204, 5-209, 5-218 and 9-314, I.C.A.; that the probate court was without jurisdiction because defendants claimed title; and that unlawful detainer was the improper type of action, was overruled.

The ensuing answer denied respondent's ownership or right of possession; lack of jurisdiction of the court in this action to

try title; that the action was barred by Section 9-314, I.C.A.; that the defendants own the property, and asserting adverse possession. Upon the filing of the answer, the probate court transferred the cause to the District Court. At the inception of the trial therein, the District Judge made this statement:

"I want to call the attention of counsel on both sides that, in my opinion and I have that opinion very firmly fixed in my mind, the only questions are whether there is a lease and whether the terms of the lease have been violated."
and during the progress of the trial, reiterated substantially the same thought:

"I think this, that when a showing of title is made, I am not going to determine this question of title.

"* * *. I am not passing on whether it is a good title or a bad one.

"Mr. Felton: It is my understanding we are not taking up the question of title. I waive identification of copies of the record, but I don't agree they are good deeds. That is my statement.

"The Court: It is agreed by counsel that I am not to pass on title."

Respondent's claim to right of possession was based substantially upon the following showing as to her title: that her predecessor in interest, Mrs. Jessie M. Blake, mother of appellant George B. Blake, acquired title to this property along with other property as a member of the community with her husband, and under his will and by relinquishment deeds from her sons, other heirs under the will; that appellants entered the premises then owned and in the possession of Mrs. Jessie M. Blake as tenants and so continued over under respondent's ownership by deed from Mrs. Blake without further or any written or specific oral leasing.

The court found:

"That on the 14th day of February 1946 the plaintiff was the owner of and entitled to the possession of Lot Four (4) in Block (7) Seven of Blakes Addition to the city of Orofino, Idaho and the said plaintiff is now the owner of and entitled to the possession of said premises."

"That prior to the 14—day of February 1946 by the predecessor in interest of the plaintiff, the defendants were let into the occupancy of the North apartment of said premises as tenants of plaintiff*s* predecessors in interest.

"That the occupancy of said premises by the defendants was as tenants at sufferance under Jes*se* M. Blake the predecessor in interest of the plaintiff."

That another action involving title to this property was pending did not appear upon the face of the complaint, nor did the demurrer present such issue and neither did the answer—hence appellants' assignment of error in that regard may not be considered. Colorado Nat. Bank v. Mead-

**18**

ow Creek L. Co., 36 Idaho 509, at page 512, 211 P. 1076.

The other assignments are: claimed erroneous entry of the decree for the reason—

"* * * that the defendants' defense was that they (plaintiff and defendants) were tenants in common and were occupying the premises as owners, and when the Court ruled they could not present such defense the Court should have also ruled that this was not a proper form of action and refused to try the case."

Also, that:

"The Court erred in first preventing the defendants from presenting their evidence of title in this matter and then finding that the plaintiff was the owner of the said property, * * *."
and the entry of judgment in favor of plaintiff and the refusal to give judgment in favor of defendants.

Appellants' only offer was on cross examination of Mrs. Blake, the plaintiff's predecessor in interest, in connection with whether the payment of certain taxes by appellants were on this property and/or other property owned by Mrs. Blake or the Blake estate, as follows:

"Mr. Felton: It is my purpose and I offer to prove at this time, for the purpose of the record, that some time before George Blake moved into this duplex (property in dispute) there was a certain common property, being the old Blake resi-

dence, which was occupied from that time until this by Mrs. Blake upstairs and by George Blake downstairs and they had an accounting between them for taxes on their common property and all these payments testified to were common taxes on common property and not as rent."

The court sustained the objection to the offer as follows:

"The Court: The tender will be denied. He made a tender of proof and it is denied. The theory is this: In the first place, if this testimony is competent at all, you should identify these checks *and the rest would come as a defense.*"   (Emphasis added.)

The ruling that it was a matter of defense was proper, yet no offer of proof was made when appellants were presenting their case, and no questions were asked and adversely ruled upon.

While appellants' second assignment of error focuses attention on this matter thus:

"The Court erred in first preventing the defendants from presenting their evidence of title in this matter and then finding that the plaintiff was the owner of the said property, for the reason that the defendants had pleaded they were owners and entitled to possession of the property as owners."
the difficulty is the appellants presented no evidence, made no offer of proof nor was the court specifically asked to rule thereon.

■ Coe v. Bennett, 39 Idaho 176, 226 P. 736, held that in unlawful detainer a defendant is entitled to an opportunity of showing his equities and presenting his defenses and only where the conventional relationship of landlord and tenant exists is the tenant estopped to deny the landlord's title and quoted with approval Francis v. West Virginia Oil Co., 174 Cal. 168, 162 P. 394, 395, wherein the Supreme Court of California held that:

"While the validity of titles may not be tried in proceedings of this character, (unlawful detainer) evidences of title are admissible to show the character or extent of the possession claimed."

Again, as pointed out in Jones v. Seawell, 13 Okl. 711, 76 P. 154, 156, quoted with approval in Richardson v. King, 51 Idaho 762, 10 P.2d 323, the trial must not be one-sided; i. e., if plaintiff is allowed to prove title, the defendant must be allowed to enter his defense.

"But it is argued that, because this court has held that one cannot draw the question of title into an action of forcible entry and detainer, therefore, no matter what the defendant's title may be, no matter what his rights may be thereunder, yet they must be brushed aside, and not be considered, simply because this is an action of forcible entry and detainer, and yet at the same time the plaintiff must be heard, whose evidence shows that his title is derived from the same source as that of the defendant in error, but of a date subsequent thereto, and of a date at which the defendant in error had at least a contract for a lease which gave him the right to the possession, and probably at a time—although not disclosed by the record—when he was in the actual possession of the property, and had made more or less valuable improvements thereon. * * *" Jones v. Seawell, supra.

■ If the plaintiff relies upon title as providing his or her right of possession, the burden of proof is upon the plaintiff to show title and it may be traversed by defendant; i. e., the defendant may interpose the plea that he is not a tenant and never was; that plaintiff is not his landlord and instead of being a tenant, defendant actually owns the property.

■ "One who establishes his title makes a case entitling him to possession. If any special or peculiar reasons exist why the right of possession in any particular instance should not follow the title, that fact should be shown in defense of the action." Froman v. Madden, 13 Idaho 138, at page 143, 88 P. 894, 895.

Such determination, however, is binding only in the immediate case and as to the right of possession. Fry v. Weyen, 58 Idaho 181, 70 P.2d 359.

"Forcible and Unlawful Detainer.— Title Admissible on Behalf of Defendant to Show Right of Possession.—It goes without saying that the action does not lie against one in possession under a good

title, that is, with the right to possession, and the plaintiff must establish in himself the right to possession against the defendant, or the action falls. The very principle that the plaintiff is bound to prove a right to the present possession against the defendant presupposes the right of the defendant to defeat the plaintiff's claim by proving a better title in himself: Nicholson v. Walker, 4 Ill.App. [404], 407; Jordan v. Walker, 52 Iowa 647 [3 N.W. 679]. And he may show the source of his claim to the right of possession: Nicholson v. Walker, 4 Ill.App. 404. And therefore he may introduce evidence of title. The question of the right of possession is involved alone, however, and not that of title, but the mere filing of an answer, claiming title to the premises, will not deprive a justice of the peace or county judge of jurisdiction; still, if it should appear from the evidence that the question involved was one of title, and not for possession, the case must be dismissed: Petit v. Black, 13 Neb. 142 [12 N.W. 841]; Smith v. Keiser [17 Neb. 184], 22 N.W. 368.

"The defendant may introduce evidence of title to show that he is not a tenant of the plaintiff: McGhee v. Grady [80 Tenn. 89], 12 Lea, 89; Settle v. Settle [29 Tenn. 504], 10 Humph. 504. A tenant is not estopped to show that he was mistaken in attorning to plaintiff, and that the title is in another: Allison v. Casey [63 Tenn. 587], 4 Baxt. 587. "One who has entered as a tenant of the plaintiff may nevertheless prove title in himself consistent with the title under which he originally entered." Beeler v. Cardwell, 29 Mo. 72, 77 Am.Dec. 550, at page 554.

See also Dix v. Burkhard, 191 Okl. 443, 130 P.2d 837; 52 C.J.S., Landlord and Tenant, p. 637, § 759; 15 Cal.Jur. 868, Par. 295.

Unlawful Detainer.—"* * *, where petitioner claimed title to property under mother's will, defendant's evidence of the invalidity of the will was competent." Smith v. Smith, Sup., 174 N.Y.S. 747. Approved in B. J. Galligan & Co. v. P. S. M., Inc., 116 Misc. 754, 191 N.Y.S. 523.

To interpose that a tenant may not dispute his landlord's title (conceded correct) is begging the question, or a petitio principii, Brumbaugh, Legal Reasoning and Briefing, 1917, page 38 H. and page 68, where the defendant denies he is or ever was a tenant, as assuming what must be proved.

■ However, whether or not the trial court by his remarks intended to unduly limit the appellant, or whether he meant, in accord with these authorities, he would not determine title except in connection with this suit for unlawful detainer, and the respondent's right to show right of possession, is impossible of ascertainment because appellants made no offer of proof in support of his answer denying re-

spondent's ownership or right of possession and appellants' claim of ownership, and in the absence of such offer, there is no reversible error. Herring v. Davis, 47 Idaho 211, 273 P. 757; Idaho Farm Dev. Co. v. Brackett, 44 Idaho 272, 257 P. 35.

"An offer cannot be made in general terms, but must be so made as to give the court an opportunity to rule on the specific testimony, and must embrace all the facts showing admissibility of the evidence, and must be of facts, and not of conclusions. (38 Cyc. 1334.)" Boise Ass'n of Credit Men v. Springfield F. & M. Insurance Co., 44 Idaho 249, at page 261, 256 P. 523, 526.

"The contention, that error was committed in sustaining objections to certain questions propounded by appellant, is sufficiently answered by the fact, that no offer was made setting out the nature and character of the evidence proposed to be elicited." Hughes v. Hudelson, 67 Idaho 10, 169 P.2d 712, 717.

"No offer of proof was made and there is nothing in the record to show what appellant expected to prove by the answer to the question. This court, following the well-established rule in such cases, has held that if testimony is properly excluded upon any theory the ruling excluding it is not available to appellant, as error, in the absence of an offer of proof which shows it should have been received upon some other theory. Herring v. Davis, 47 Idaho 211, 273 P. 757; Servel v. Corbett, 49 Idaho 536, 290 P. 200; In re Brown's Estate (Fite v. French), 52 Idaho 286, 15 P.2d 604.

"In Herring v. Davis the court cited Tietjen v. Snead, 3 Ariz. 195, 24 P. 324, 325. The fourth section of the syllabus in that case is as follows:

" 'At the time the court excludes testimony offered by a party, which ruling the party desires this court to review, he must state what he proposes to prove by the testimony, and that the witness will testify to such facts; otherwise, it does not appear that the party is injured by such exclusion, and this court will presume, in such event, in favor of, and not against, the ruling of the court below.' [Citing cases.]

"We cannot assume that if the question had been properly asked, and if the judge had been sufficiently advised as to appellant's purpose in asking it, and fully informed as to what the testimony would have been in reply to it and that it would have been advantageous to appellant and about a matter relevant and material to the issue, his honor, the trial judge, would have ruled erroneously." Ball v. Stevens, 53 Idaho 111, 21 P.2d 932.

The evidence relied on to establish the relationship of landlord and tenant, the court finding that appellants were only tenants at sufferance, was meager. 51 C.J.S., Landlord and Tenant, p. 779, § 175 et seq.; Knight v. Haley, 6 W.W.Harr., Del., 366, 176 A. 461, at page 464.

▮ However, we cannot say it is not sufficiently substantial to support the find-

ing and judgment that, on the face of the record, the relationship of landlord and tenant did exist and that appellants were in default. The judgment, therefore, is affirmed. Costs awarded to respondent.

HOLDEN, C. J., and FEATHER-STONE, TAYLOR and SUTPHEN, District Judges, concur.