280 P.2d 1067

The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, Plaintiff-Respondent,

v.

George R. JONES, H. C. Allen and H. N. Beamer, as the Commissioners of, and constituting, the Idaho Public Utilities Commission, and Stephen L. Guice, its Secretary, Robert E. Smylie, Attorney General, and Edward J. Aschenbrener, Assistant Attorney General, respectively, of the State of Idaho, and attorneys for the Idaho Public Utilities Commission, and for the people of the State of Idaho (including all the plaintiff's subscribers), Defendants-Appellants.

No. 8212.

Supreme Court of Idaho.

March 7, 1955.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Edward J. Aschenbrener, Asst. Attys. Gen., for appellants.

Carey H. Nixon, Boise, J. H. Shepherd, Denver, Colo., for respondent.

SMITH, Justice.

This proceeding, heretofore before this Court, resulted in reversal of the trial court and remand for further proceedings, Case No. 8041, 75 Idaho 78, 267 P.2d 634.

Respondent Mountain States Telephone and Telegraph Company will sometimes be referred to as the company, and appellant Idaho Public Utilities Commission and its officers, as the commission.

The original proceeding for increase in rates commenced by the company, designed to afford it an additional annual income of $1,097,000, resulted in an order of denial of the increase by the commission, May 15, 1953.

The district court upon the company's application, made and entered its order and decree May 25, 1953, granting a temporary injunction permitting the company to charge and collect such increased rates under proper bond, with appellants restrained from interfering with the charging and collection of such increased rates, and impounding of the increase under bond, pendente lite.

The transcript of the proceedings had before the commission including the evidence, was presented to the district court for its consideration by applicant, appellant company, in the injunction proceeding; but, inasmuch as the district court instanter made its order and decree of May 25, 1953, without affording appellants opportunity to adduce evidence, in addition to that contained in such record of proceeding before the commission, this Court, upon disposition of an appeal taken therefrom, reversed and remanded the cause with instructions to the trial court "to admit evidence presented by any party to the pro-

ceedings, in addition to the evidence contained in the record of proceedings and exhibits before the Commission." Case No. 8041, 267 P.2d 634, 638.

The remanded matter came on for hearing by the district court on April 12, 1954, and July 6, 1954, the court entered its order and decree; thereby it continued in full force and effect said temporary injunction and bond, and all conditions relating to the charging and collection of such increased rates and impounding the increase under bond, pendente lite.

At the time the district court entered its first order and decree May 25, 1953, the company had applied for a rehearing of its initial application for increase in rates, by the commission; as provided by I.C. § 61–626. The commission on such rehearing again denied the company's application for increase in rates by its order, in the completed proceeding, entered May 14, 1954. The company's appeal therefrom is still pending in this Court.

Appellants assign error of the trial court, at the April 12, 1954 hearing on remand, in indicating that it would not consider the evidence adduced before the commission on rehearing "in determining whether or not said district court should issue an injunction pendente lite."

The company as a condition precedent to the issuance of the interlocutory injunction May 25, 1953, presented to the district court a transcript of the proceedings theretofore had before the commission, including the evidence, for the court's consideration in determining the company's right to such injunctive relief, I.C. § 61–633.

The instruction of this Court, on remand of Case No. 8041, recognized the right of any party thereto to adduce *evidence* in addition to the evidence contained in the record of the proceedings theretofore had before the commission in the matter of the company's original application for increase in rates.

The evidence in the matter now before this Court shows that the so-called "record" before the commission on rehearing, to which appellants refer in their aforesaid specification of error, consisted of a transcript of the evidence taken before the commission on rehearing of the company's application for increase in rates. The proceeding on such rehearing had not been completed when the district court heard Case No. 8041 on remand April 12, 1954; while in the matter of such proceeding, the commission may have completed the taking of evidence, nevertheless it had not completed the proceeding, through rendition of its findings and its order or decision in determination of the matter. A completed transcript of such proceeding, including the evidence, had not become available.

The statute provides that a transcript of the completed record, i. e., of the proceedings had before the commission,

*including the evidence,* shall be considered by the district court in determining the issue of an applicant's right to the statutory injunctive relief; such statutory mandate does not require that the district court consider a record of anything less than as so provided, and a record of the evidence standing alone, does not satisfy the statute, I.C. § 61–633.

██ The record herein further shows that appellants did not offer a transcript of the evidence adduced on such rehearing, for consideration by the district court; nevertheless they now complain that the district judge, after discussion had, indicated that the court would not consider the evidence adduced on such rehearing, and that, therefore, the court committed error. Such a record is insufficient for review on appeal, in the absence of any offer of proof and consequent absence of any ruling of the trial court thereon, since nothing is reserved for review on appeal, thereby to determine whether the trial court committed error. Servel v. Corbett, 49 Idaho 536, 290 P. 200; Hughes v. Hudelson, 67 Idaho 10, 169 P.2d 712; Snyder v. Blake, 69 Idaho 14, 202 P.2d 394.

Next, appellants assign error of the trial court, at the April 12, 1954 hearing on remand of Case No. 8041, "in unreasonably restricting the right of appellants to cross-examine respondent's witnesses concerning the separations manual whereby respondent determined its Idaho intrastate rate base."

██ The single and only issue within the jurisdiction of the trial court, then under consideration, was the determination of the company's right to an injunction under proper bond, staying the order of the commission denying the company's application for increase in rates, pendente lite; and determination of that issue in favor of the company depended upon its submitting prima facie proof "that great and irreparable damage would result to the petitioner", applicant company unless afforded the statutory injunctive relief. I.C. §§ 61–633 and 61–634; Joy v. Winstead, 70 Idaho 232, 215 P.2d 291.

██ Not only did appellants by cross-examination seek to interject in the injunction proceeding the technical subject matter of separations and the separations manual as ostensibly having something to do with the issue of the injunctive relief sought by the company, which subject matter was not touched upon in the original injunction proceeding before the district court, but appellants made no showing at the hearing on remand of the case indicating the materiality and relevancy of such matter of separations manual in relation to such single jurisdictional issue of statutory injunctive relief sought, or sought to be continued, by applicant company. Evidence offered must meet the test of materiality and relevancy. Morton v. Morton Realty Co., 41 Idaho 729, 241 P. 1014. Such a record, as heretofore ruled, is insufficient for review on appeal. Servel v.

Corbett, supra; Hughes v. Hudelson, supra; Snyder v. Blake, supra.

The order and decree of the district court is affirmed and the interlocutory injunction and suspending bond of $100,000 is continued in effect, pendente lite.

No costs allowed.

TAYLOR, C. J., and KEETON, POR-TER and ANDERSON, JJ., concur.