ALVIN A. LONG *vs.* EDWARD W. COLTON, executor.

**Franklin.**   Sept. 15, 1874. — Jan. 5, 1875.   WELLS & MORTON, JJ., absent.

In an action of tort for breaking and entering the plaintiff's close, it appeared that the plaintiff's deed mentioned as the corner where the description began, a stake and stones on land of a third party. A witness testified that he had a conversation with this third party on his land, while he owned it, about the corner, and that the third party was not living at the time of the trial. It was admitted that the third party had never owned the land in controversy. The witness was then asked what statement the third party had made in this conversation. *Held,* that this statement was rightly excluded.

TORT for breaking and entering the plaintiff's close.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff put in the deed under which he claimed title to the premises in dispute, the description in which began as follows : " Beginning at the northwest corner of the premises hereby conveyed, at a stake and stones, on land formerly owned by Joseph Lyman," and, having given courses and distances to a certain stake and stones, concluded with " thence west twenty degrees north seventy-seven rods to the first mentioned bound." Upon this description, it being conceded that " the northwest corner of the premises " conveyed by the deed was at the corner of the land mentioned in said deed as " land formerly owned by Joseph Lyman," evidence to establish the position of that corner was introduced by both parties. The defendant called Joseph Lyman, who testified that he was a son of the Joseph Lyman named in the deed ; that his father, who had been dead many years, formerly owned the land mentioned in the deed as " land formerly owned by Joseph Lyman ; " that he had a conversation with his father in his lifetime, fifty-two years ago, while he owned said land, and when he was on the same, about the corner mentioned in said deed. The witness was asked what statement his father made, and the judge ruled that the evidence offered was not admissible.

Neither of the Lymans had ever owned the land in dispute in the present action. The jury found for the plaintiff; and the defendant alleged exceptions to the exclusion of this evidence.

*S. O. Lamb,* for the defendant.

*A. Brainard,* for the plaintiff.

COLT, J. The northwest corner of the land in controversy is described in the deed under which the plaintiff claims as on land formerly owned by Joseph Lyman. It was conceded at the trial that a corner of Lyman's land was at the same point. The plaintiff's northwest corner, therefore, could be located by establishing the position of Lyman's corner.

Joseph Lyman had been dead many years, and his son was called to testify to his father's declarations made on his own premises while he owned the land, about this corner of his land.

The declarations of deceased persons respecting boundaries are received as evidence as an exception to the rule which rejects hearsay testimony. In most of the decided cases, it is held that the declaration should appear to have been made in disparagement of title, or against the interest of the party making it; but in *Daggett* v. *Shaw,* 5 Met. 223, it is said that the rule as practised in this Commonwealth is not so restricted, and that declarations of ancient persons, made while in possession of land owned by them, pointing out their boundaries on the land itself, are admissible as evidence when nothing appears to show that they are interested to misrepresent, and it need not appear affirmatively that the declaration was made in restriction of or against their own rights. And in *Bartlett* v. *Emerson,* 7 Gray, 174, it is held that, to be admissible, such declarations must have been made by persons now deceased, while in possession of land owned by them, and in the act of pointing out their boundaries, with respect to such boundaries, and when nothing appears to show an interest to deceive or misrepresent. *Ware* v. *Brookhouse,* 7 Gray, 454. *Flagg* v. *Mason,* 8 Gray, 556.

The declarations offered and rejected at the trial do not come within the exception thus defined to the rule by which hearsay is excluded. The decisive objection to their competency is that they do not appear to have been made while in the act of pointing out the boundaries of the declarant's land. This is an element which cannot be disregarded, especially when the question is one

of private boundary. The declaration derives its force as evidence from the fact that it accompanies an act which it qualifies or gives character to. The declaration is then a part of the act. Without such accompanying act, the declaration is mere narrative, liable to be misunderstood or misapplied, and open to the objections which prevail against hearsay evidence.

The declaration rejected does not appear to have been offered for the purpose of establishing a boundary by traditionary evidence or reputation. Such evidence has sometimes been said by American courts to be admissible; and in the cases from New Hampshire, cited by the defendant, it seems to be held that declarations of deceased persons, who, from their situation, appear to have the means of knowledge, and who have no interest to misrepresent the facts, are admissible to establish private boundaries, although not made on the land. *Smith* v. *Forrest*, 49 N. H. 230, 237. *Great Falls Co.* v. *Worster*, 15 N. H. 412, 437. But by the current of authority and upon the better reason, such evidence is inadmissible for the purpose of proving the boundary of a private estate, where such boundary is not identical with another of a public or *quasi* public nature. 1 Greenl. Ev. § 145. 1 Phil. Ev. (N. Y. ed. 1849) 241, 242, Cowen & Hill's notes. *Hall* v. *Mayo*, 97 Mass. 416.        *Exceptions overruled.*