# CHARLESTOWN.

## CORBLEYS *v.* RIPLEY.

Submitted June 15, 1883—Decided September 22, 1883.

1. The declarations of a deceased person as to the corners and lines of a tract of land owned by him, when the declarations were

made, are admissible as evidence, if at the time they were made
he had no interest to misrepresent. But if the circumstances
and his situation at the time show, that he had an interest to
make false representations as to corners or lines, such declara-
tions are inadmissible.   (p. 159.;

2. Joseph Stull sr. owned a tract of land, which he conveyed to his
son Joseph jr., and he to the plaintiffs, who brought an ejectment
suit against defendant, who claimed beyond the line claimed by
plaintiffs; and the plaintiffs, to prove the lines and corner as
they claimed them, offered to prove declarations made by Joseph
Stull sr., deceased more than twenty-five years before, when he
owned the land, that the lines and corners were situated as
claimed by plaintiffs.  HELD :

The declarations were inadmissible.

The facts of the case are stated in the opinion of the Court.

*William I. Boreman* for plaintiff in error.

*D. F. Pugh* for defendants in error.

JOHNSON, PRESIDENT :

This is a writ of error to a judgment in ejectment in the
circuit court of Tyler county.   The only question is:   Are
certain declarations of a deceased person as to the lines and
corners of a tract owned by him, when the declarations were
made, admissible as evidence?   The bill of exceptions shows,
that upon the trial of the case it was important to establish
a certain corner and line claimed by the plaintiffs as part of
the boundary of the land claimed by them in said action, title
to which land they derived from Joseph Stull jr. and he
from his father, Joseph Stull sr.   For the purpose of estab-
lishing such corner and line the plaintiffs introduced one J.
A. Shewman, and proposed to prove by him declarations
made by said Joseph Stull sr., while he was owner of said
land, as to the locality of said corner and line, to which de-
fendant objected; but the court overruled the objection and
permitted the declaration to be given to the jury; and the
witness stated to the jury "that he and Joseph Stull sen.
about twenty-seven or twenty-eight years ago were together
on the land claimed by the plaintiffs, and that said Stull
pointed in the direction of said corner and said 'my corner

is over there,' and then pointed in another direction, and said 'my line is over there and passes under that point,' pointing to a point of land in sight thirty or forty rods from where they were standing, and that he and said Stull were thirty or forty rods from the corner, towards which said Stull pointed; and that the place where the corner was pointed out and the locality of the line as pointed out was all in the woods" &c. To the admission of which evidence the defendant excepted.

There was verdict, and also judgment for plaintiff.

Was the evidence properly admitted? In *Chapman* v. *Edmands*, 3 Allen 512, the court said: "The evidence or declarations by a former owner of the premises, with whom the demandants are in privity, was rightly admitted. They were statements made in disparagement of title against the interest of the party making them, and contemporaneous with his possession and enjoyment of the premises now owned by the demandants." The court cites *Plimpton* v. *Chamberlain*, 4 Gray 320, *Ware* v. *Brookhouse*, 7 Gray 454, and *Niles* v. *Patch*, 13 Gray 254.

In *Long* v. *Colton*, 116 Mass. 414, it was said, that in most of the decided cases it was held, that the declaration should appear to have been made in disparagement of title or against the interest of the party making it, but in *Daggett* v. *Shaw*, 5 Metc. 223, it is said, that the rule as practiced in Massachusetts is not so restricted, and that declarations of persons made while in possession of land owned by them, pointing out their boundaries on the land itself, are admissible as evidence, when nothing appears to show, that they are interested to misrepresent; and it need not appear affirmatively, that the declarations were made in restriction of, or against their own rights. And in *Bartlett* v. *Emerson*, 7 Gray 174, it is held, that to be admissible such declarations must have been made by persons now deceased, while in possession of land owned by them and in the act of pointing out their boundaries, with respect to such boundaries, and when nothing appears to show an interest to deceive or misrepresent.

The rule last laid down is approved in *Long* v. *Colton*, 116 Mass.

In *Great Falls Co.* v. *Worster*, 15 N. H. 412, it appeared, that on the trial the plaintiffs offered the testimony of one Lyman to prove that in 1838 while on "the plaintiffs' lot," mentioned in several of the pleas, James Roberts, then over sixty years of age, and who died previously to the trial, pointed out a stump on the line between his line and the lot in question, as Worster's corner. The defendant excepted to this evidence; and the learned Chief Justice Parker in delivering the opinion of the court said : "It has been held in England that in questions upon boundary between parishes or manors or on a customary right, the declarations of the common opinion of the place made by deceased persons, who from their situation had the means of knowledge and no interest to misrepresent, are admissible in evidence. 1 Phil. Ev. 198. The question in such cases partakes somewhat of a public character; and it is for that reason probably that declarations of the common opinion of the place are received. But in case of a mere private boundary, if the individual was living, he could not give evidence of the common opinion but must testify to his own knowledge respecting the boundary and how that knowledge was derived. This knowledge often rests on tradition merely. The alleged boundary has perhaps been pointed out by some one, who professed to have information respecting it. Reputed boundaries are often proved by the testimony of aged witnesses; and the hearsay evidence of such witnesses has been admitted to establish lines in opposition to the calls of an ancient patent. *Conn* v. *Penn*, 1. Pet. C. C. R. 496. And we are of opinion, that the declarations respecting private boundaries made by deceased persons, who from their situation appear to have had the means of knowledge, and who had no interest to misrepresent, may well be admitted in evidence.

It has been held generally in Pennsylvania, that where boundary is the subject in question, what has been said in relation to it by a person deceased is evidence. *Caufman* v. *The Presbyterian Congregation of Cedar Spring*, 6 Binn. 59. It the witness from his situation had any interest to make the declarations, then they are not admissible. 4 N. H. 213, *Shepherd* v. *Thompson*. In that case Roberts does not appear to have had any interest to make the declaration. Although

his land bounded on J. Worster's he had no interest in the corner in dispute.

In *Smith* v. *Forrest*, 49 N. H. 230, it was held, that the declarations of deceased owners of land are admissible as to the boundaries of their land, when it appears from their situation, that they had the means of knowledge, and no interest to misrepresent, especially when the declarations are in disparagement of their title.    Nesmith J., in delivering the opinion of the court said:  "Two things are necessary in order to make the declarations of deceased persons evidence as to boundaries: first, it must appear, that the deceased party or declarant had knowledge; and second, he must have had no interest to misrepresent."    In that case the court held that, the declarations were against interest and were competent.    The court also held in answer to the objection, that the declarations were not made on the land, that it was not necessary that they should be.    If the party who made the declaration had the requisite knowledge and had no interest to misrepresent it was sufficient, and the declarations were admissible, although not made on the land.

In *Harriman* v. *Brown*, 8 Leigh 697, it was held, that evidence is admissible to prove the declarations of a deceased person as to the identity of a particular corner tree or boundary, provided such person had peculiar means of knowing the fact; as for instance, the surveyor or chain-carrier, who were engaged upon the original survey, or the owner of the tract or of an adjoining tract calling for the same boundaries; and so of tenants, processioners, and others whose duty or interest would lead them to diligent inquiry and accurate information of the fact, always however excluding those declarations, which are liable to the suspicion of bias from interest.

In *Hill* v. *Proctor*, 10 W. Va. 84, this decision is approved. It was there held, that the declarations of Kendall were inadmissible, because at the time they were made, he was interested in the location of the boundary of the land in a manner, that would be adverse to the interest of Proctor, against whom the declarations were introduced.    We think, therefore, that before such declarations are admissible, it must appear, first, that the party making the declarations

was at the time in a situation to know the boundary of the land, as if he was the owner of it or of·an adjoining tract having the same boundary in dispute, and that it also appear that he had no interest to misrepresent. The admission of such evidence is made an exception to the general rule, that hearsay evidence is excluded. It is admitted from necessity, and the law throws around it the two safeguards we have mentioned. But for the first the evidence would be so uncertain, that it would be of little or no value; and but for the second it would be in the power of any one owning a farm with a disputed line or corner to manufacture evidence in his own interest. Therefore, if the circumstances show, that at the time the declarations were made, it was to his interest to misrepresent or speak falsely, the declarations cannot be admitted after his death.

In the case before us the bill of exceptions shows, that Joseph Stull senior, at the time the declarations were made, was interested to have his corner and line established at the points named by him. That interest clearly appears from the fact that the plaintiffs, who derived their title from Stull sen. through Stull jr. in the dispute with defendant, are claiming *that line and corner* so shown by Stull sen., and the defendant is claiming beyond them. The evidence is clearly inadmissible under all the authorities we have cited.

The judgment of the circuit court is reversed, with costs; and the verdict of the jury set aside, and a new trial awarded.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.   NEW TRIAL AWARDED.