ARTHUR J. GOYETTE *vs.* BARTHOLOMEW KEENAN & another
& trustee.

Hampden.   October 1, 1907. — November 13, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Remoteness, Declarations as to boundaries.   *Practice, Civil,* Offer of proof.
   *Deed.*

A plaintiff in an action for breach of a covenant of seisin in a deed, the description
in which, if the measurements therein stated were to govern, included land of
which the defendant was not seised, cannot, in order to show that the defendant
meant such measurements to govern, introduce in evidence a deed made by the
defendant of the same premises which contained the same measurements as the
deed to the plaintiff but which conveyed the property in mortgage to another
person and was dated five years earlier.

At the trial of an action for breach of a covenant of seisin contained in a deed, one
boundary of which was on land " belonging . . . now or lately to one White,"
there was a question whether land, then in the possession of one George
White, was included in the description in the deed, and it appeared that George
White was alive but personally had not been living on the premises in question
for twenty years.   The plaintiff called as a witness one who had known George
White well and offered in evidence a conversation that the witness had had with
George White while he lived in the city where the land was "as tending to show
the character of his occupation of this tract in dispute, taken in connection with
his acts of occupation."   The evidence offered was excluded and the plaintiff
excepted.   *Held,* that the evidence properly was excluded, it not appearing that
the declarations were made upon the land in question ; and, moreover, that the
exception must be overruled, since it did not appear from the offer what the
declarations were.

In an action for breach of a covenant of seisin in a deed which described premises
bounded easterly by a highway, northerly and southerly by lines measuring four-
teen rods in length and westerly " by land formerly belonging to Henry Bliss,
now or lately to one White," it appeared that, if the northerly and southerly
lines were measured as described, a tract of land belonging to George A. White
and not to the defendant had been included by the defendant in the deed and
that the covenant was broken, and that if the westerly bound was on the land
belonging to George A. White, the northerly and southerly bounds were consid-
erably less than fourteen rods in length.   The mesne conveyances, by which
the premises included in his deed to the plaintiff had been conveyed to the de-
fendant, were by deeds in which the entire description of the westerly boundary
was " by land formerly belonging to Henry Bliss."   It was agreed that so much
of the tract belonging to George A. White as was claimed by the plaintiff to be
included in the terms of the defendant's deed to him was included in a larger
tract of land described in a deed of a former owner of the defendant's land to
George A. White.   The boundary which was on the easterly side of the prem-
ises described in that deed was "by land of James L. White."   The presiding
judge ruled that the westerly boundary in the deed to the plaintiff gave a monu-

ment which controlled the distances on the northerly and southerly bounds and that the land in the possession of George A. White was not included in the deed, and directed a verdict for the defendant. *Held*, that the ruling that the westerly boundary gave a monument which controlled distances on the northerly and southerly boundary was correct, but that the addition, in the deed of the defendant to the plaintiff, of the words "now or lately to one White" to the description of a bound which in previous deeds always had been only "by land formerly belonging to Henry Bliss" did not change the position of that bound ; and that the question therefore was as to the position of the bound "by land formerly belonging to Henry Bliss," which might be determined by ascertaining what was the land which belonged "now or lately to one White," regarding which there was evidence which should have been submitted to the jury as to whether "one White" meant George A. White or James L. White.

CONTRACT for breach of covenant of seisin in a deed of land of the defendants to the plaintiff. Writ in the Superior Court for the county of Hampden dated September 22, 1903.

There was a trial before *Hitchcock*, J. The deed from the defendants to the plaintiff was dated July 27, 1903, and contained the following description : "A certain parcel of land with the buildings thereon, situated on the west side of Water street in said Springfield, and bounded and described as follows, viz. on the east by said Water street, three rods; on the north by land formerly belonging to the heirs of John Lombard, now or lately to one Walker, fourteen rods; on the west by land formerly belonging to Henry Bliss, now or lately to one White, three rods; on the south by land now or lately belonging to Henry Bliss, fourteen rods ; the same being the premises conveyed to us by the Springfield Institution for Savings by deed recorded in Hampden County Registry, Book 344, page 564."

A surveyor, called as a witness for the plaintiff, testified that he had surveyed the premises at the plaintiff's request and found that, if the northerly and southerly boundaries were fourteen rods long, as described in the deed, the westerly boundary was in the midst of land then standing in the name of George A. White. He made a plan which was introduced in evidence and is referred to in the last paragraph of the opinion, the material portions of which are given below, the boundary measurements being in feet.

The premises which, the plaintiff contended, were included in the description in his deed are enclosed within the heavy lines on the plan, and he introduced evidence tending to show that

the premises designated as shaded were held by one George A. White under a title acquired by adverse possession.

The bill of exceptions states that the description of the premises in a deed by the Springfield Institution for Savings, mortgagee, as attorney for Daniel Shea, mortgagor, to the defendants, which was the deed referred to in the deed from the defendants to the plaintiff, and which was dated February 10, 1877, was as follows: "Bounded easterly by said Water street, about three rods; northerly by land now or lately of the heirs of Justin Lombard, about 14 rods; westerly, by land now or formerly of the widow of Henry Bliss, about three rods; and southerly about fourteen rods, by land now or formerly of the widow of Henry

Bliss "; and that "it was agreed that all deeds previous to this in the chain of title to this lot describe the property in substantially the same way."

There also was in evidence a deed of Daniel Shea to George A. White, dated October 28, 1867, which is the deed referred to in the last paragraph of the opinion. The description therein was as follows: "Beginning at the northeasterly corner of land of the grantee, thence running northerly in range with said grantee's easterly line by my own land to land of one Thayer, thence westerly by land of said Thayer to land of James L. White, thence southerly by land of said James L. White to land of the grantee, thence easterly by said grantee's northerly line to the place of beginning, meaning hereby to convey all that part of my home lot which lies westerly of a line ranging with said grantee's easterly line." The bill of exceptions states, "It was agreed that deed from Daniel Shea to George A. White, dated October 28, 1867, conveyed the tract of land in dispute," that is, the portion shaded on the plan.

The plaintiff offered in evidence a mortgage deed given by the defendants to the Springfield Five Cents Savings Bank in 1898, which contained a description of premises identical with that in their deed to the plaintiff and referred to that deed. The deed was excluded and the plaintiff excepted.

One Pierson, a witness for the plaintiff, testified that, continuously from 1876 or 1877 to about 1884, "George White" occupied the premises which are shaded on the plan as the back yard of his lot which fronted on Gardner Street, and that since that time the family of George White's niece, a Mrs. Phillips, and one Dearborn have occupied them. "Mrs. James White," sister in law of George White and mother of Mrs. Phillips, had a garden on the premises in question. The witness then stated that he used often to call upon George White and was asked "Whether or not he (George White) made any reference to this property." The question was excluded and the plaintiff excepted. The plaintiff then offered to introduce a "conversation with George A. White, while he lived in Springfield, as tending to show the character of his occupation of this tract in dispute, taken in connection with his acts of occupation." The evidence offered was excluded and the plaintiff excepted.

At the close of the plaintiff's case, the presiding judge ruled "that the boundary in the description of the lot of land 'on the west by land formerly belonging to Henry Bliss, now or lately to one White,' is a monument which would control the distance of fourteen rods as given on the north boundary, and that the deed must be construed as bounding the land on the west on the land which was described in the deed from Shea to White, and excludes the land in controversy in this action, and the plaintiff was not entitled to recover," and thereupon ordered a verdict for the defendant, and the plaintiff excepted.

The case was submitted on briefs.

*H. A. Buzzell, W. Brooks & W. Hamilton,* for the plaintiff.

*J. B. Carroll & W. H. McClintock,* for the defendants.

SHELDON, J. 1. The mortgage deed given by the defendants to the Springfield Five Cents Savings Bank in 1898 rightly was excluded. It had no material bearing upon the issue tried in this case. The plaintiff's declaration and his whole case rested upon the claim that the defendants were not seised of the land in dispute, described in his deed as "land formerly belonging to Henry Bliss, now or lately to one White," and so that this land did not pass to him. It seems to have been agreed by both parties that this land was held by White at the time that the plaintiff took his deed; and the real question was whether the description in that deed included this piece of land. Manifestly the description contained in the mortgage deed given to a third party five years earlier could throw no light upon this question.

2. The exclusion of the statements made by George A. White, offered "to show the character of his occupation of this tract in dispute, in connection with his acts of occupation," appears at first sight to present a more difficult question. *Gray* v. *Kelley,* 190 Mass. 184. *Holmes* v. *Turners' Falls Co.* 150 Mass. 535, 547, 549. *Flagg* v. *Mason,* 141 Mass. 64. *Niles* v. *Patch,* 13 Gray, 254. But White was not deceased, and his declarations could not have been admitted under R. L. c. 175, § 66. Nor was there any offer to show that these declarations were made upon the land in question, and they were not admissible upon that ground. *Long* v. *Colton,* 116 Mass. 414, 415, and cases there cited. And see further, *O'Connell* v. *Cox,* 179 Mass.

250 ; *Peck* v. *Clark*, 142 Mass. 436. But the decisive reason against sustaining this exception is that there is nothing to show what the declarations offered were, and so it is impossible to say that the plaintiff was aggrieved by their exclusion. *Commonwealth* v. *Smith*, 163 Mass. 411, 429. *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15, 25. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594, 597. It does not substantially appear, as it did in the case last cited, what answer was expected to the question which was excluded.

3. The ruling that the boundary in the plaintiff's deed, " on land formerly belonging to Bliss, now or lately to one White," gave a monument which would control the distance stated in the deed, plainly was correct. *Percival* v. *Chase*, 182 Mass. 371, 378, and cases there cited. But a verdict should not have been ordered for the defendant. The monument is stated, as in the other deeds, to be " on land formerly belonging to Henry Bliss," and the additional description of it as belonging " now or lately to one White " could scarcely be taken to change the identity of the monument. Moreover, in the deed of Daniel Shea to George A. White, which conveyed the land now in dispute, the courses given, as appears upon the plan used at the trial and produced before us, bring the westerly boundary of that tract upon land of James L. White. It may well be doubted whether the " one White " mentioned in the plaintiff's deed must not be held as matter of law to be James L. White, and not George A. White. At any rate, the jury could so find ; and by reason of this error the order must be,

*Exceptions sustained.*