WILL S. GILLAM, APPELLANT, V. WALT MANN, APPELLEE.

FILED JANUARY 5, 1910.    No. 15,887.

1. **Appeal**: REJECTION OF EVIDENCE: OFFER OF PROOF. Error cannot be predicated upon the refusal of the district court to permit a witness to answer a certain question, when no offer is made of the proofs which would be elicited if the answer were permitted to be made.

2. ————: CONFLICTING EVIDENCE. Where the evidence is conflicting and does not preponderate in favor of either party to such an extent as to show that the verdict of the jury is clearly wrong, the verdict will be sustained.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. W. Crites,* for appellant.

*G. T. H. Babcock, contra.*

FAWCETT, J.

This action was commenced in the county court of Dawes county upon two causes of action—the first for $12.50 for rent; and the second for damages in the sum of $95 which plaintiff claims to have suffered by reason of the breaking of a large plate glass window in the front of his store building. On the trial defendant confessed plaintiff's first cause of action, and the trial proceeded upon the second. The petition alleges that on the 3d day of July, 1907, the defendant "did wantonly, carelessly and negligently explode and discharge in said street in front of plaintiff's said building a certain large, explosive cannon cracker, containing a large quantity of gunpowder, or other explosive substance, at and near to said plate glass window, and by the force of said explosion did crack, break and destroy one of said large panes of plate glass then of the value of $95, and more." The answer denied all of the allegations in plaintiff's petition, and alleged that the plate glass window did not break and go to pieces until long after the 3d of July, and that the breaking and cracking of said plate glass window was caused by the inherent defects in said glass, or carelessness on the part of the plaintiff. The reply is a general denial. The county court entered judgment for defendant, and plaintiff appealed to the district court, where the case was tried to the court and a jury, resulting in a verdict and judgment for defendant, from which plaintiff now appeals to this court.

The only errors argued in plaintiff's brief are: (1) That the evidence is not sufficient to sustain the verdict; (2) error in sustaining defendant's objection to the question: "You may state the extent and character and use made by the people of Chadron and surrounding country of Second street, between your place and his"; (3) error in permitting defendant to show the condition of the wall of the room in the second story and over the broken window in controversy. The evidence shows that

on the evening of July 3, 1907, defendant and a number
of other citizens of Chadron were celebrating in advance
the coming national holiday. Defendant's place of busi-
ness is almost directly across the street from the store
building occupied by plaintiff. The street between the
two is somewhere from 80 to 100 feet wide. Defendant
and his friends were exploding cannon firecrackers, in
the street. They were standing upon the sidewalk in front
of defendant's place of business, where they would light
the crackers and then throw them out into the street,
aiming, as we think the evidence fairly shows, to throw
the crackers about half way across the street. One
cracker seems to have been thrown farther than the others
and to have landed within a few feet of the curb in front
of plaintiff's store. When the cracker exploded it threw
up a shower of sand and pebbles. Immediately follow-
ing the explosion, and so nearly simultaneous therewith
that it must have been thrown by the explosion, a pebble
or some other hard substance struck the plate glass win-
dow in the front of plaintiff's store, breaking the glass,
and causing several cracks which radiated in different
directions from the point of impact. Within three or four
days thereafter the cracks extended to the outer edges of
the glass, which so weakened it that it was blown in by
the wind a few days thereafter. Plaintiff was compelled
to replace the glass at a cost of $95. Plaintiff testified
that he saw the defendant throw the particular fire-
cracker which caused the damage. No other witness so
testified. Defendant testified frankly that he did not
know whether he threw it or not. The evidence shows
that there were several men throwing firecrackers at that
time, and, while the testimony of plaintiff is positive that
defendant threw the particular firecracker, the testimony
of the other witnesses shows his position to have been
such that he could easily have been mistaken upon that
point. He was standing inside of his store. It was in
the dusk of the evening. The testimony is conflicting as
to whether or not the electric lights had been turned on

in the stores and on the street. However this may be, we think the evidence fairly shows enough uncertainty as to who threw the particular cracker which caused plaintiff's damage that we cannot say the verdict of the jury is not sustained by the evidence.

Plaintiff argues that it is not a sufficient defense for defendant to show that it is uncertain who threw the cracker which caused the damage; that "defendant and his companions were simultaneously engaged in a common object, and in the pursuit of it they inflicted the injury. This was enough to fasten a joint and several liability upon them for the damage caused by any one of their number." The trouble with this contention is that no such issue was tendered by the pleadings, nor was any request made of the court to submit any such issue to the jury. It is apparent from an examination of the record that the case was not tried on any such theory in the court below, and we think it is too late to attempt to invoke that rule here.

Plaintiff's second point, that the court erred in sustaining defendant's objection to the question above quoted, must fail, for the reason that plaintiff made no offer to prove the fact called for by the question.

As to plaintiff's third point, it appears that at one time defendant had rented the room immediately over the front of plaintiff's store. The court permitted defendant to testify that while he occupied the room the plastering was all off the northwest corner, and that it partially fell off during the time defendant occupied the room. This is the substance of defendant's testimony on that point. The purpose of this testimony evidently was to try and show that the glass had become cracked from the settling of the building; but it so utterly fails to show any defective condition of the front wall of the building, or any defect in the glass, that, regardless of its competency or incompetency, we do not see how the jury could in any manner have been influenced by its admission. There is no complaint as to the instructions of the court. The

case was fairly submitted to the jury, and we cannot disturb the verdict.

The judgment of the district court is therefore

AFFIRMED.