[Civ. No. 739.    Second Appellate District.—January 8, 1910.]

## MATTIE S. FARNUM, Respondent, v. KERN VALLEY BANK, a Corporation, Appellant.

ACTION BY WIFE — CONFLICTING CLAIMS — SHERIFF'S DEED OF HUS-
BAND'S ESTATE—DEED TO WIFE—SEPARATE PROPERTY—SUPPORT OF
FINDINGS AND JUDGMENT.—In an action by a wife to determine
conflicting claims to land against one claiming under a sheriff's
deed of the husband's estate as community property, where upon
the trial the wife produced a prior deed to herself executed in
1902, conveying to her the same premises,—the presumption at-
tached under section 164 of the Civil Code, that the land was her
separate property, and where there is no evidence tending to over-
come such presumption, and no prejudicial error appears in the
record, the findings and judgment for the plaintiff must be af-
firmed.

ID.—LEGAL TITLE OF WIFE—RIGHT OF POSSESSION.—Proof of the vest-
ing of the legal title in the wife carried with it the right of pos-
session.

ID.—IMPROPER EVIDENCE—MONEYS HAD BY HUSBAND FROM DEFENDANT
BANK—ABSENCE OF PLEADING—OFFER NOT SPECIFIC.—The court
did not err in sustaining an objection to testimony of a witness
who had examined the records of the bank, as to moneys had by
him therefrom, where it is not pleaded in the answer that the
money borrowed was used in the purchase of the property, and
there was no specific offer to show the materiality thereof, which
did not appear upon its face.

ID.—IRRELEVANT STATEMENT OF HUSBAND — SEPARATE CHARACTER OF
WIFE'S ESTATE NOT AFFECTED.—The mere fact that the husband
had borrowed money from defendant bank, upon the representa-
tion that he owned the property, or that he had purchased mate-
rials out of which the improvements upon the premises were con-
structed, in no degree tended to affect the separate character of
the estate presumptively conveyed by the deed.

ID.—RIGHT OF PLAINTIFF TO SUE—ANSWER TO MERITS.—The court was
not required first to determine the right of the plaintiff to sue
before hearing the case upon its merits. There was no plea in
abatement, but the answer was to the merits of the plaintiff's
claim, and, if true, was a bar to her action.

ID.—OBJECTION TO HOMESTEAD CLAIM OF PLAINTIFF IMMATERIAL.—The
property being established as the separate property of the wife,
a specification of error predicated upon an objection to the ad-
mission of a homestead claim declared by her after she acquired
title was immaterial. The defendant having acquired no title, could

not be prejudiced by the regularity or irregularity of the home-
stead declaration.

APPEAL from a judgment of the Superior Court of Kern
County, and from an order denying a new trial. Paul W.
Bennett, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

F. D. McClure, for Respondent.

ALLEN, P. J.—The complaint was in the usual and ordin-
ary form in an action for determining conflicting claims to
real property. The defendants by their answers denied
plaintiff's ownership and possession of the property, and al-
leged that she was a married woman, the wife of one N. C.
Farnum; that the premises described were property of the
community, and that defendants had acquired title thereto by
virtue of a sheriff's deed, executed pursuant to sale upon
execution based upon a judgment in favor of defendants and
against the husband. The court found in favor of plaintiff
upon all of the issues. The sufficiency of the evidence to
support the findings is not questioned; at least, there are
no specifications of error in relation thereto. In any event,
the findings have ample support.

Upon the trial, plaintiff introduced in evidence a deed,
dated in 1902, which conveyed to her the premises described.
It was admitted that she was a married woman at the time
and the wife of N. C. Farnum. The presumption that the
premises so conveyed were her separate estate attached under
section 164, Civil Code. Proof of the vesting of the legal
title carried with it the right of possession. There is no evi-
dence in the record tending to overcome the presumption of
the separate character of the estate.

It is claimed by appellant that the court erred in sustain-
ing an objection to the testimony of a witness who said he
had examined the records of the defendant bank as to moneys
had by N. C. Farnum from the bank, and in connection with
which he was asked to state what the aggregate amount of
that was. We see no error in this action of the court. It

was not claimed by defendant in its pleadings that the money borrowed from the bank was used in the purchase of the property, nor was the materiality of such proffered evidence apparent upon its face. We find no statement of counsel as to what he expected to prove by the question, and, in the absence of any statement apprising the court that the same was intended as a basis of proof material to the action, the court was warranted in sustaining the objection. The mere fact that the husband had borrowed money from the bank upon the representation that he owned the property, or that he had purchased materials out of which the improvements upon the premises were constructed, in no degree tended to affect the separate character of the estate presumptively conveyed by the deed.

We are unable to appreciate the force of appellant's contention that the court erred in not first determining the right of plaintiff to sue before hearing the cause upon its merits. The only evidence offered in the case was that which tended to show the separate character of the property, and, therefore, the right of plaintiff to maintain the action. The answer was not in the nature of a plea in abatement, but went to the merits of plaintiff's claim, and, if true, was a bar to her action.

The specifications of error relative to the admission of the declaration of homestead declared by plaintiff after the acquirement of the property are of no consequence. The property being the separate property of the wife, and defendant having acquired no interest therein by virtue of its execution sale, could in no wise be prejudiced by any regularity or irregularity in connection with the homestead declaration.

We perceive no error in the record prejudicial to appellant, nor any merit in the appeal. The judgment and order are, therefore, affirmed.

Shaw, J., and Taggart, J., concurred.