SARAH B. VAN NESS *vs.* MARY E. BOINAY & others.

Middlesex. March 3, 4, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Land Court,* Findings of judge, Appeal. *Boundary.* *Deed,* Construction, Extrinsic evidence. *Equity Jurisdiction,* To reform deed. *Evidence,* Extrinsic affecting writings. *Estoppel.*

Upon a petition in the Land Court for the registration of the title to certain land, where a trial by jury is not claimed, the finding of the judge of that court, on the question whether a wall marking a certain boundary has been moved and is some feet distant from its former site, that, "while the wall has been rebuilt, its location has not been materially changed," is conclusive under R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1.

Where by the terms of a deed a boundary line extends "to land of" a person named, which is admitted to be bounded by a wall, the line extends only to the wall, although by measurement of the distance named in the deed the line would extend beyond the wall and upon the land of the adjoining proprietor.

Where the grantee of certain land, which is described in the deed as bounded on one side by the land of an adjoining proprietor, knew when he bought the land that this boundary was marked correctly by a wall, although the measurement of the distances named in the deed would carry the boundary to a line beyond the wall, if the grantor afterwards acquires title as trustee to the strip of land beyond the wall which is included in the distances described, this cannot operate to give the grantee a title to the strip by estoppel.

Upon a petition in the Land Court for the registration of the title to certain land, where the description of the land in the deed of it accepted by the petitioner is clear and without ambiguity, the petitioner cannot be allowed to introduce evidence as to the site of a former wall on one side of the land and of conversations between him and his grantor before the making of the deed tending to show that the parties intended such former wall to be the boundary line on that side, although such evidence might be competent in a suit in equity to reform the deed on the ground that it did not express the agreement intended by the parties.

Upon an appeal to this court from a judgment of the Land Court, findings of fact made by a judge of that court cannot be revised, such an appeal raising only questions of law apparent on the face of the record.

PETITION, filed in the Land Court on May 1, 1912, for the registration of the title to two parcels of land with the buildings thereon situated in the southeasterly part of Lexington on either side of Pleasant Street, otherwise known as the road leading to Waltham.

In the Land Court there was no claim for a jury and the case was heard by *Davis,* J. The petition was contested as to certain boundaries by the respondent Mary Elizabeth Boinay. The facts as shown by the evidence and found by the judge are stated in the opinion. The judge made certain rulings as stated in the opinion, to which the petitioner excepted. The judge made a decree establishing the disputed boundaries in accordance with the contention of the respondent Boinay. The petitioner alleged exceptions. She also appealed from the decree.

*H. P. Brown,* for the petitioner.

*R. C. Mulligan,* for the respondent Boinay.

DE COURCY, J. This is a petition to register title to land situated on Pleasant Street in Lexington. The petitioner acquired title on September 20, 1893, from Caroline Wellington by a deed containing the following description: "Two certain parcels of land with the buildings thereon situated in the southeasterly part of said Lexington on either side of Pleasant Street, otherwise known as the road leading to Waltham: . . . The first parcel containing five and 17/100 acres is bounded as follows: — Beginning at the northeasterly corner of said premises on said street at land of Caroline Wellington; thence running southerly by said street four hundred sixty-nine feet to land of E. E. Burlingame; thence running westerly by land of said Burlingame six hundred twenty feet to land of Cornelius Wellington; thence running northerly by said land last named three hundred seventy-eight feet to a corner at said land of Caroline Wellington; thence running easterly by said land of Caroline Wellington five hundred ninety-six feet to Pleasant Street and the point of beginning."

The exceptions raise no question affecting the second lot, which is on the southerly side of Pleasant Street, and the respondent Boinay is not interested in the land adjoining it. In view however of the petitioner's contention that the stone wall marking its

northeasterly bound has been removed and is now some feet south of the former site, we may say that in the absence of the evidence the decision of the judge of the Land Court upon this question is conclusive. He finds as a fact that "while the wall has been rebuilt, its location has not been materially changed." R. L. c. 128, § 13. St. 1910, c. 560, § 1.

The issue between these parties and raised by the exceptions relates to the location of the northeast and the northwest bounds of the above described parcel. As to the northwest line the judge ruled that "the petitioner's land on the north did not extend beyond the Cornelius Wellington wall, and title to the strip of land north of the wall within the limits of the deed measurements did not pass to the petitioner upon its acquirement by her said grantor." This was correct. By the terms of her deed the southwest line extended by land of Burlingame from Pleasant Street "to land of Cornelius Wellington," and admittedly the wall indicated the bound of that land. Even in the absence of a wall or other visible boundary marking this line of the adjoining proprietor, such line is of itself a monument and controls the distances given. *Pickman* v. *Trinity Church*, 123 Mass. 1. *Percival* v. *Chase*, 182 Mass. 371, and cases cited. *Goyette* v. *Keenan*, 196 Mass. 416. If the measurements stated in the deed had fallen short of the Cornelius Wellington wall, nevertheless the petitioner would have taken the land to that monument; but manifestly the fact that these measurements extend farther than the wall could give no title beyond the grantor's land. The fact that the petitioner's grantor about two years subsequently acquired title as trustee to the Cornelius Wellington land cannot avail the petitioner. When Mrs. Van Ness bought the property she understood that the wall was the northwest boundary of the lot she was buying; and the elements necessary to create an estoppel are not present.

We find no error in the judge's ruling as to the northeast line. The deed fixes the northwest corner of the locus at a point on the Cornelius Wellington line, three hundred and seventy-eight feet distant from the Burlingame land, and it fixes the northeast corner at a point on Pleasant Street four hundred and sixty-nine feet from the Burlingame land. A line connecting these points constitutes the northeast bound. Walls marked the dividing line

between the locus and the Burlingame land, from which the measurements could be made. The northeast bound, being on other land of the grantor, and described without reference to any monuments, must be determined by the measurements named in the deed.

The description in the deed accepted by the petitioner was clear, explicit and without ambiguity; consequently parol evidence was not admissible to enlarge, modify or control it. The evidence as to the location of a former wall on the northeast, and of conversations before the making of the deed tending to show that the parties intended this wall as the boundary, well might be competent in a suit to reform the deed, on the ground that it did not express the agreement intended by the parties. But in this proceeding it was not admissible to establish a bound other than that which is clearly fixed by the deed on which the petitioner relies, and which is without ambiguity latent or otherwise. *Cook* v. *Babcock,* 7 Cush. 526. *Dodge* v. *Nichols,* 5 Allen, 548. *Bond* v. *Fay,* 12 Allen, 86. *Stowell* v. *Buswell,* 135 Mass. 340. *Olson* v. *Keith,* 162 Mass. 485.

We have considered the questions arising on the petitioner's exceptions. An appeal does not lie, as there is no question of law apparent on the face of the record, and under her claim of appeal we cannot revise the findings of fact made in the Land Court. *Marvel* v. *Cobb,* 204 Mass. 117.

*Exceptions overruled.*
*Appeal dismissed.*