(No. 5129. January 8, 1929.)

CARRIE E. HERRING, as Administratrix of the Estate of MARY KATHERINE HERRING, Appellant, v. ROBERT F. DAVIS, Respondent.

[273 Pac. 757.]

Frank F. Kimble, for Appellant.

Arthur S. Guerin, Jr., and Paul W. Hyatt, for Respondent.

GIVENS, J.—Appellant brought suit to have a deed executed by Mary Catherine Herring to respondent set aside on the grounds that the grantor was, at the time the deed was executed, incompetent; that the deed was made because undue influence was exerted upon, and fraud perpetrated on the grantor; that the price paid for the property was inadequate.

An unverified answer was filed and at the conclusion of the plaintiff's case, an offer to amend by filing a verified answer was granted. Any error committed by the trial court in this respect was waived by appellant, the court offering to continue the case if appellant so desired. Appellant, however, chose to proceed, and showed neither at

that time nor on the appeal any prejudice resulting from the allowance of the amendment.

Complaint is also made that the court permitted nonexpert witnesses to testify for the respondent that the grantor was mentally competent without detailing facts on which this conclusion was based. The witnesses did detail some facts and this court has laid down the rule that non-experts may testify as to the mental condition of a person. (*Weber v. Della Mt. Mining Co.*, 14 Ida. 404, 94 Pac. 441; *Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037; see, also, *Ritchey v. Jones*, 210 Ala. 204, 97 So. 736; *State v. Soper*, 148 Mo. 217, 49 S. W. 1007; 3 Jones on Evidence, 2d ed., pp. 2337, 2338.)

Appellant urges that the court erred in excluding evidence offered to show that relatives of the deceased grantor were insane, as bearing on her mental condition. The following were the instances referred to:

Respondent objected to certain testimony to the effect that Orville Herring, a son of Mary Katherine Herring, was in the insane asylum at Blackfoot. The objection was over-ruled, the court merely stating that if the argument later showed that this evidence was not within the issues, it would not be considered. There is nothing in the record to indicate that this evidence was not, in fact, considered. Where evidence is received, subject to future exclusion, in the absence of any showing to the contrary it will be presumed to have been considered. (*Seeley v. Security National Bank*, 40 Ida. 574, 235 Pac. 976; *McKee v. Bassick Mining Co.*, 8 Colo. 392, 8 Pac. 561; *German American Bank v. Manning*, 133 Mo. App. 294, 113 S. W. 251; 38 Cyc. 1344.)

Later in the course of the trial, a witness, Mrs. Wells, testified that she had heard that Orville Herring was in an asylum. The objection to this as hearsay was properly sustained.

The attorney for the appellant then asked the witness this question:

"What statements have you heard Grandma Herring make relative to insanity in her family?"

Whereupon the following colloquy took place:

"Mr. Guerin: We object to this as incompetent, irrelevant and immaterial, not having any bearing on the issues in this case; they have not established that Mrs. Herring was insane, or any evidence of her insanity, and before they do that, they cannot introduce evidence of a taint of insanity in the family.

"Mr. Kimble: But in cases of this kind, if there had been an actual determination of insanity, that is all that can be shown.

"The Court: If there was an actual adjudication of insanity, that is conclusive, but it has not been shown in this case."

No offer was made by appellant in this connection. Consequently, there was no error in the court's action. (*Tietjen v. Snead*, 3 Ariz. 95, 24 Pac. 324; *Gillam v. Mann*, 85 Neb. 765, 124 N. W. 143; *Farnum v. Kern Valley Bank*, 12 Cal. App. 426, 107 Pac. 568; *Goyette v. Keenan*, 196 Mass. 416, 82 N. E. 427; 38 Cyc. 1329.)

Though conflicting, the evidence is sufficient to sustain the findings and conclusions of the trial court.

The judgment is affirmed. Costs to respondent.

Budge, C. J., Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.