SALIM SIMON, administrator, *vs.* BERKSHIRE STREET
RAILWAY COMPANY.

Berkshire.     September 21, 1937. — November 29, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Relevancy and materiality.   *Practice, Civil,* Exceptions:
whether error harmful.

In an action for negligence of a bus driver in running down a child, the
record before this court disclosed no error in excluding evidence that
to the driver's knowledge many children commonly played at or near
the place of the accident; that the district just beyond the place of
accident was thickly settled; of the customary speed of the defend-
ant's buses; and that the driver was operating under a license as to
which there existed ground for revocation.

No prejudicial error appeared in excluding evidence that a witness before
the trial had admitted doing a certain act, offered to contradict his
testimony that he could not say whether he had done it or not.

TORT.   Writ in the Superior Court dated December 9,
1932.

The action was tried before *T. J. Hammond,* J.   There
was a verdict for the defendant.   The plaintiff alleged
exceptions.

*J. N. Alberti,* for the plaintiff.

*W. J. Donovan,* for the defendant.

LUMMUS, J.   The plaintiff brought this action to recover
for the alleged conscious suffering and death of his intes-
tate, a small girl whose age is not shown, who was struck
by a motor bus operated by the defendant's servant.   The
injury happened on Saturday evening, January 2, 1932, at
about half past eight o'clock, on State Street in North
Adams.

Witnesses for the plaintiff testified that the child looked
both ways before starting to cross the street from east to
west; that the street was then clear of vehicles, but covered
with snow; that when the child was well out towards the
middle of the street the defendant's bus came into view,

travelling northerly at a high rate of speed, and ran the child down. For the defendant, witnesses testified that as the bus was approaching, the child ran into the street, but when the horn was sounded and the brakes were applied the child returned in safety to the easterly sidewalk. Then, as the bus proceeded at a speed of less than twenty miles an hour, the child ran into the street again, and was followed by another child, a short distance in front of the bus. The operator turned sharply to the left in an attempt to escape collision, but the right side of the bus struck the child, near the middle of the street. Upon this conflicting evidence, the jury, in answer to questions submitted to them, found that the operator was neither guilty of wanton and wilful misconduct nor negligent. A verdict was rendered for the defendant on each count.

The exceptions of the plaintiff relate to questions of evidence. (a) The plaintiff excepted to the exclusion of evidence that many children were accustomed, to the knowledge of the operator, to play at or near the place of the collision. The evidence was properly excluded. On the evening in question there were but two children on the street, and those were in plain sight. The condition that prevailed at other times was immaterial. (b) The plaintiff excepted to the exclusion of evidence tending to show that a short distance northerly of the place of the collision there was a thickly settled district. G. L. (Ter. Ed.) c. 90, §§ 1, 17. The bus had not reached that district. The operator was bound to consider, in regulating his speed, the character of the district which he was traversing, but not that of a district which lay ahead. (c) The plaintiff excepted to the exclusion of evidence of the speed at which the buses of the defendant were accustomed to travel.* Evidence of the speed at the time in question was admitted. The speed at other times was immaterial. *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92, 95, 96. *Polmatier* v. *Newbury*, 231 Mass. 307. *Gibson* v. *McGuiness*,

---

* The question which was excluded was the following: "Have you observed, during the time you have lived at 343 State Street, the speed at which the buses of the Berkshire Street Railway customarily travel?" — REPORTER.

288 Mass. 153. Moreover, the plaintiff did not offer to prove any particular speed as customary, and so was not harmed by the exclusion. *Spilios* v. *Papps*, 288 Mass. 23, 28. *Coral Gables, Inc.* v. *Beerman*, 296 Mass. 267, 269. (d) The operator of the bus testified on cross-examination that when he turned to the left to avoid the child he could not say whether he "stepped on the gas," thus accelerating the speed, or not. The plaintiff excepted to the exclusion of evidence of an inspector of motor vehicles that the operator had told him that he, the operator, had "stepped on the gas." Even if the difference between not knowing whether he "stepped on the gas" or not, and acknowledging that he did so, is sufficient to make evidence of the latter admissible as a contradiction, the difference is hardly enough to be substantial in a jury trial or to affect the verdict or to require us to sustain an exception to the exclusion. G. L. (Ter. Ed.) c. 231, § 132. *Stowe* v. *Mason*, 289 Mass. 577, 582. *Kelley* v. *Boston*, 296 Mass. 463, 466–467.

The last exception relied on is to the exclusion of evidence that the operator, when he obtained a license in 1931 from the department of public utilities allowing him to operate a bus (G. L. [Ter. Ed.] c. 159A, § 9), stated that his license or right to operate had never been suspended or revoked, whereas in fact his license or right to operate was suspended or revoked in 1921. It is true that operating without a license has been held evidence of negligence. *Kenyon* v. *Hathaway*, 274 Mass. 47. But here the operator had a license, which had never been revoked. Under it he was operating lawfully, even though ground for revocation existed. The evidence was properly excluded.

*Exceptions overruled.*