CHESTER KEELER *vs.* LLOYD W. GODFREY
(and two companion cases[1]).

Norfolk.    January 8, 1941. — April 4, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, Violation of law.  *Motor Vehicle,* License to operate.

A finding of negligence of the operator of an automobile causing a collision with a motor bus going in the same direction was warranted by evidence that he had no license to operate and that the automobile collided with the left side of the bus after the operator of the bus had turned it out from the curb and had straightened its course on the right side of the street.

THREE ACTIONS OF TORT.  Writs in the Municipal Court of Brookline in the first two cases dated October 25, 1939, and in the last case dated January 11, 1940.

There were findings by *Frost,* J., for the plaintiffs in the sums of $124.49, $124.49, and $265.31, respectively.

*D. F. Lynch,* for the defendants.

*E. J. Bushell,* for the plaintiffs.

LUMMUS, J.    The evidence for the plaintiffs in these actions of tort for alleged negligence tended to show the following facts.  The plaintiffs Keeler and Mahoney were passengers in a Boston Elevated Railway bus about thirty-three feet long which stopped close to the curb on Brookline Avenue at Burlington Avenue on its way to Chestnut Hill.  The operator looked in his rear vision mirror, and seeing nothing coming from the rear started up by turning to the left.  When the bus had gone thirty feet and had straightened out there was a scraping sound and a crash on its left side.  The bus stopped, and an automobile owned by the defendant Wolfson, operated by the defendant Godfrey as the servant of the defendant Wolfson, was found "up

---

[1] These were the cases of Chester Keeler *vs.* Ezra H. Wolfson, and Elizabeth Mahoney *vs.* Lloyd W. Godfrey.

against the left side of the bus about ten feet back from the front of the bus." The automobile was "straddling the center line of Brookline Avenue." The plaintiffs were hurt in the collision. It was conceded that Godfrey had no license to operate an automobile.

A special justice of a District Court found for the plaintiff, and the Appellate Division for the Southern District dismissed a report, in each case. The defendants appealed.

Although there was no direct evidence as to the movements of the automobile before the collision, the fact that Godfrey was operating it without being licensed to do so was some evidence that he was operating it negligently. *Bourne* v. *Whitman*, 209 Mass. 155, 171. *Kenyon* v. *Hathaway*, 274 Mass. 47, 55. *Wynn* v. *Sullivan*, 294 Mass. 562, 566. *Simon* v. *Berkshire Street Railway*, 298 Mass. 454, 456. *Leblanc* v. *Pierce Motor Co.* 307 Mass. 535, 537. The manner of operation of the automobile could be found to have had causal relation to the collision. In each case the entry will be

*Order dismissing report affirmed.*