No. 3029        Northern        Middlesex, ss.

BENNETT et al                    (S. Jason Ginsburg)
v. CACCAVO                       (Stanley S. Ganz)

From the Third District Court of Eastern Middlesex—
Comerford, J.

Argued Dec. 1, 1941—Opinion filed Dec. 29, 1941

WILSON, J. (Jones, P. J., and Pettingell, J.)—This is an action of contract in which the plaintiffs seek to recover for merchandise alleged to have been sold by the plaintiffs to the defendant. There was a finding for the plaintiffs for the full amount claimed by them.

The evidence, taken in its aspect most favorable to the prevailing party (*Karjavainen v. Buswell,* 289 Mass. 419), tended to show that the plaintiffs were in the business of selling plumbing supplies, and the defendant was a general contractor engaged in building a house on Lexington Street, Waltham; that the defendant entered into a written contract with one LaConte to furnish and install the heating and plumbing in said house; that nothing was known by the plaintiffs about said written contract until it was introduced in evidence at the trial. On January 15, 1937, there was a talk between the plaintiff, Thomas Bennett, and the defendant to the effect that the plaintiffs agreed to sell plumbing supplies directly to the defendant, for which the defendant said he would pay out of the construction mortgage, but the plaintiff insisted that the defendant must pay for said supplies whether there was a construction mortgage or not, to which the defendant said, "O. K." There was also evidence that some of the supplies were delivered to LaConte, or his workmen, at the house in Waltham when the defendant was present, and some were delivered to LaConte at the plaintiff's place of business. The ledger sheet of the plaintiffs was in evidence showing the account with the defendant and was found by the court to have been made in good faith and in the regular course of business.

LaConte was called as a witness and was asked in direct examination by the plaintiff:

Q. Did you have any talk with the defendant prior to

the time that you signed the contract which is Exhibit 1 relative to who was to pay for the plumbing supplies?

A. Yes.

Q. What was that conversation?

Counsel for the defendant objected on the ground that the conversation relative to the contract having taken place before the signing of the contract could not be testified to. The court overruled the objection and the witness testified: "I said to him I could not get the materials. My credit is tied up, and the defendant agreed that he was to pay the plaintiff for the plumbing materials."

It is unnecessary for us to determine whether or not the defendant properly "saved his rights." It seems to us that the evidence was admissible for the purpose of showing the reason for making the contract between the defendant and LaConte. The contract itself had already been introduced in evidence and provided "$803 is to be paid by the party of the Second Part to Bennett Co . . ."

Nothing was added to the contract nor was the contract changed in any way by the testimony admitted. Its admission was at most harmless error. *Simon v. Berkshire Street Railway*, 298 Mass. 454, 456.

The defendant seasonably presented five requests for rulings, all of which were "Denied. Inapplicable to the facts as found" by the trial court.

The court found the facts to be substantially as set forth herein, in compliance with Rule XXVII of District Courts (1940).

There is no prejudicial error in the record before us and the report is dismissed.