Nash, J.
This is an action of contract based on a policy of insurance to recover the sum of $668.40' for damage done by fire to the buildings on land of the plaintiff in Freetown in said county. The answer is a general denial and also alleges fraud on the part of the plaintiff individually and by her servant and agent.
The trial judge found that the plaintiff was the owner of a lot of land in Freetown on which was> a house and woodshed and privy assessed for four to five hundred dollars; that on August 7,1939 the plaintiff increased the insurance to $1,500.00; that after 'the middle of December 1940 repairs were made on the 'dwelling house and about January 4, 1941 'the insurance was increased to $1,700.00; 'that the plaintiff and her husband lived across the road from the above described property; that on the morning of February 12, 1941, three days before the expiration of a vacancy permit issued by the defendant the house was damaged and the woodshed destroyed by fire; and that the *24 chief of the- fire department found two separate fires, one upstairs in a clothes (preis® and one downstairs not connected ; a hole in the wall of the clothes press was stuffed with some paper which had an odor of kerosene on it. The trial judge then found — “I find that the fire was set with the knowledge or consent of the plaintiff”.
The defendant duly presented the following four requests for rulings:
“1. If the plaintiff had reason to know that her husband intended to bum the insured buildings and failed to notify the defendant thereof, and said husband burned said buildings she cannot recover. 2. If the plaintiff knew that her husband intended to burn the insured buildings and failed to notify the defendant thereof and said husband burned said buildings, she cannot recover. 3. If the plaintiff’si husband set fire to the insured 'buildings with her knowledge and consent, plaintiff cannot recover. 4 If at the time of the increase in the amount of insurance plaintiff’s husband intended to- bum the insured buildings, and neither plaintiff nor her husband notified defendant thereof, the contract attempted to be made was void and plaintiff cannot recover.”
All four of the defendant’® requests for rulings were granted and the trial judge found for the defendant. The plaintiff claims to be aggrieved by the trial judge’s granting of the four requests for rulings because none were supported by the evidence and because the decision in favor of the defendant was not warranted by the evidence.
The question in issue is whether as a matter of law the finding for the defendant is permissible on all the evidence.
The finding “will stand provided it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible”. Boston and Albany Railroad Co. vs. Commonwealth, 296 Mass. 426, 430; Ashapa vs. Reed, 280 Mass. 514, 516; Moss vs. Old Colony Trust Co., 246 Mass. 139, 143.
*25 The four requests for rulings the trial judge granted were based upon Ms finding that the fire was set with the knowledge or consent of the plaintiff. The report presents no testimony on the part of anyone that the plaintiff knew anything about the origin of the fire, nor that her husband had any information concerning it. There was no testimony .that anyone knew how the fire started. There was evidence from which a rational inference could have been drawn- that the fire was set. Taking all the testimony most unfavorable to the plaintiff it appears that after having had repairs made upon the house, the plaintiff’s husband placed two hundred dollars additional insurance with the defendant and secured a sixty-day vacancy permit for the premises. TMs permit would have expired about February 15, 1941. Between five and six weeks after placing the said insurance, on February 12th, 1941 at 12:30 A. M. the buildings were discovered on fire-, and were damaged. There was evidence that there were two separate fires, one that destroyed 'the woodshed and damaged the rear of the house and it could have been inferred that they were* of incendiary origin. One fire was upstairs in a clothes closet and was about six by eight inches in area and in a hole in the plaster of the wall nearby was a piece of paper wMch had kerosene upon it. There was evidence that the plaintiff was in the damaged house, which was across the street from where she resided, two days before the fire cleaning up the house -and that some rags, str aw matting and linoleum were collected and found on the floor of the kitchen. We do not think 'this evidence is sufficient from which a rational -inference that the plaintiff set the fire or had knowledge of its being .set could be drawn. We think it leaves to -speculation or conjecture that the plaintiff had any such knowledge. It being a matter of conjecture we* think the four requests for ruling -should have been denied. Mucha vs. Northeastern Crushed Stone Co., 307 Mass. 592, 595; *26 Saxe vs. Walworth Manufacturing Co., 191 Mass. 338, 341; Olsen vs. New England Fuel & Trans. Co., 251 Mass. 389, 393, 394.
The defendant offered ten questions asked of various witnesses which were objected to by the plaintiff and excluded by the trial judge. The def endant at the time of each of the rulings on these questions claimed a report and requested that each be reported to the Appellate Division.
The ten questions are as follow®:
1. The question “Did yon tell Mr. Shay and Mr. McAuliffe at your home shortly after the fire that you had heard from any source, including your husband and before the fire, that any party intended to burn your buildings?” put to witness Addie G. Demoranville in cross-examination by the defendant was excluded upon objection of the- plaintiff, and the defendant at the time of such ruling duly claimed a report of said ruling and hereby requests that said ruling be reported to the Appellate Division. 2. The question “Did yon tell Mr. 'Shay and Mr. McAuliffe at your home shortly after the fire that you had heard from any source and before the fire that any party intended to burn your buildings?” put to witness Addie G. Demoranville in cross-examination by the defendant was excluded upon objection of the plaintiff, and the defendant n't the time of . such ruling duly claimed a report of .said ruling and requested that said ruling be reported to the‘Appellate Division. 3. The question “What was the talk at the State Police Barracks relative to the fire?” put to witness Addie G. Demoranville in cross-examination by the defendant was excluded upon objection of the plaintiff, and the defendant at the time of such ruling duly claimed a report of said ruling and requested that said ruling be reported to 'the Appellate Division. 4. The question “Was there any talk at the State Police Barracks on that occasion relative to any intention of your husband -disclosed to you to bum the buildings?” put to witness Addie G. Demoranville in cross-examination by the defendant was excluded upon -objection of the plaintiff, and the defendant at the time of such ruling duly claimed a report of said ruling and requested that said ruling be reported to the Appellate Division. 5. The ques *27 tioiL “What was the conversation at the State Police Barracks on February 19, 1941 with Mr. and^ Mrs. Demoranvilie relative to the fire?” put to witness Edward J. McGinley in direct examination by the defendant was excluded.so far as it pertained to previous private conversations between husband and wife, upon objection of the plaintiff, and .the defendant at the time of such ruling claimed a report of said ruling and requested that said ruling he reported to the Appellate Division. 6. The question “With reference to a statement made by Mrs. Demoranvilie relating to a private conversation between her and Mr. Demoranvilie, what did- Mr. Demoranvilie say at the State Police Barracks?” put to witness Edward J. McGinley in direct examination 'by the defendant was excluded so far as it pertained to previous private conversations between husband and wife, upon objection of the plaintiff, and the defendant at the time of such ruling duly claimed a report of said ruling and requested that said ruling be reported to the Appellate Division. 7. The question “What was the conversation on February 18, 1941 with Mrs. Demoranvilie relative to 'the fire?” put to witness William McAuliffe in direct examination by the defendant was excluded so far as it pertained to previous, private conversations between husband and wife, upon objection of the plaintiff, and the defendant at the time of such ruling duly claimed a report of said ruling and requested that said ruling be reported; to the Appellate Division. 8. The question “What was the conversation at the 'State Police Barracks' on February 19, 1941 with Mr.»and Mrs. Demoranvilie relative to the fire?” put to witness William McAuliffe in direct examination by the defendant was excluded so far as it pertained to previous private conversations between husband and wife, upon objection of the plaintiff, and the defendant at the time of such ruling dhily claimed a report of said ruling and requested that said ruling be reported to 'the Appellate Division. 9. The question “What conversation did you have with Mr. Demoranvilie relative to increasing fire insurance on the premises on which this claim is made?” put to witness Anna M. MacDonald in 'direct examination' by the defendant was' excluded upon objection of the plaintiff, and the defendant at the time of such ruling duly claimed a report of said ruling and requested *28 that said ruling be reported to the Appellate Division. 10. The question “What was the talk on vacancy?” put to- witness Anna M. MacDonald in -direct examination by the defendant was excluded upo-n objection of the plaintiff, and the defendant duly claimed a report of said- ruling and requested that said ruling be reported to the Appellate Division. Following -the- -exclusion of the answers to the- ten questions in which requests for report were made, no offers of proof nor statements were made as to what was expected to be shown by answers to the excluded questions.
No offers of proof nor statements were made as to- what was expected to- be shown by answers to the excluded questions.
On 'this ground alone we do not see how we can reverse the- ruling of the- trial court whether .the- questions or any of 'them might have been admissible if a proper basis for them had been laid. On the record there is no way of determining what the defendant hoped to show by the answers to the questions and hence the court -could not say whether the defendant was harmed by their exclusion. Warren vs. Spencer Water Co., 143 Mass. 155, 164; Crowley vs. Appleton, 148 Mass. 98, 101; Smethurst vs. Barton Square Church, 148 Mass. 261, 267; Lee vs. Tarplin, 183 Mass. 52, 54; Hallwood Cash Register Co., vs. Prouty, 196 Mass. 313, 315; Goyette vs. Keenan, 196 Mass. 416, 421; Guy vs. Union Street Railway, 289 Mass. 225, 231; Simon vs. Berkshire Street Railway, 298 Mass. 454, 456; Liberatore vs. Framingham, 315 Mass. 538, 541; See Model Code of Evidence, American Law Institute, Rule 7 Page 80.
The finding f-o-r the defendant is vacated and judgment is to- be- entered.
It was agreed at the trial that if the plaintiff eonl-d recover the amount of such recovery 'should he in ¡the -sum of $668.40. The finding for 'the defendant is vacated and judgment is to be entered for the plaintiff in the sum of $668.40.